UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| ST. PAUL LUTHERAN CHURCH,  §<br>    *Plaintiff*, §<br> §<br>v. §<br> §<br>PHILADELPHIA INDEMNITY §<br>INSURANCE COMPANY, §<br>    *Defendant.* § | CIVIL ACTION NO. 6-20-CV-00018 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Philadelphia Indemnity Insurance Company ("PIIC") hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Southern District of Texas, Victoria Division, of the action styled Cause No. 19-8-16012; *St. Paul Lutheran Church v. Philadelphia Indemnity Insurance Company*; In the 24th Judicial District Court, Jackson County, Texas (the "State Court Action"). In support thereof, Defendant would respectfully show the Court as follows:

## I.
## FACTS

1.      This suit arises from a first-party insurance dispute involving a claim for damage to a church in Edna, Texas as a result of Hurricane Harvey on or about August 26, 2017. Plaintiff contends that PIIC breached the insurance contract by underpaying its claim for insurance benefits. *See* **Exhibit A** at Plaintiff's Original Petition with citation. Plaintiff filed suit against PIIC and Haag Engineering Co. in the State Court Action on August 26, 2019, asserting causes of action against PIIC for breach of contract and violation of Section 542 of the Texas Insurance Code. *See id*. Plaintiff also brought a claim for negligence against Haag Engineering based on damage the Haag engineer caused to the property during its inspection. *See id*.

2. On January 24, 2020, Haag Engineering filed a Motion to Sever the property damage claims against Haag from the insurance coverage-related claims against PIIC. *See* **Exhibit A** at Haag Engineering Co.'s Motion to Sever. On February 18, 2020, the Court granted the Motion to Sever and severed Plaintiff's claims against Haag Engineering into a separate cause number. *See* **Exhibit B** at Order Granting Cross-Defendant Haag Engineer Co.'s Motion to Sever.

## II.
## PROCEDURAL REQUIREMENTS

3. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal will be given to all parties promptly after filing of the Notice.

4. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk of Jackson County, Texas, promptly after the filing of the Notice.

5. Pursuant to this Court's Local Rule 81, attached hereto and incorporated herein are the following exhibits:

| | |
|---|---|
| Exhibit A | A true and correct copy of all pleadings, process, and orders served in this action |
| Exhibit B | All orders signed by the Judge in the State Court Action |
| Exhibit C | The docket sheet |
| Exhibit D | An index of matters being filed |
| Exhibit E | A list of all counsel of record |

## III.
## ARGUMENT AND ANALYSIS

**A.    The removal is timely because it is filed within 30 days of an order from which it may be ascertained that the case is one which is or has become removable.**

6.    Pursuant to 28 U.S.C. § 1446, a case must be removed to federal court within 30 days of the service of summons upon the defendant. However, if the case as stated in the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1441(b)(3).

7.    Here, the Order granting the severance is the "paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1441(b)(3). The Order was signed on February 18, 2020, and this Notice was filed within 30 days of that date. Accordingly, the removal is timely.

**B.    The amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists between the parties.**

8.    District courts have original jurisdiction over actions in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the matter is between citizens of different states. *See* 28 U.S.C. § 1332(a).

9.    Here, Plaintiff has alleged that it is seeking "monetary relief over $200,000 but not more than $1,000,000." *See* **Exhibit A** at Plaintiff's Original Petition at ¶ 2. Plaintiff further claims that its damages total $489,755.96. *Id.* at ¶ 16. Thus, the requirement that the amount in controversy in this matter exceed $75,000, exclusive of interest and costs, is met by Plaintiff's pleading.

10.    Complete diversity exists between Plaintiff and PIIC. Plaintiff is nonprofit domestic corporation incorporated in the State of Texas with its principal place of business in

Edna, Texas. 28 U.S.C. § 1332(c)(1); **Exhibit A** at Plaintiff's Original Petition at ¶ 4.[1] PIIC is a foreign insurance company incorporated in the State of Pennsylvania with its principal place of business in Bala Cynwyd, Pennsylvania. 28 U.S.C. § 1332(c)(1); **Exhibit A** at Plaintiff's Original Petition at ¶ 5.

## IV.
## CONCLUSION

11.     This action is a civil action that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a), in that it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, PREMISES CONSIDERED, Defendant Philadelphia Indemnity Insurance Company respectfully requests that this action be removed from the 24th Judicial District Court of Jackson County, Texas to the United States District Court for the Southern District of Texas, Victoria Division. Defendant further prays for all such other and further relief to which it has shown itself to be justly entitled.

Respectfully submitted,

*/s/ Catherine L. Hanna*
Catherine L. Hanna
Attorney in Charge
Texas Bar No. 08918280
Southern District No. 13577
channa@hannaplaut.com
**HANNA & PLAUT, LLP**
211 E. Seventh Street, Suite 600
Austin, Texas 78701
Tel: (512) 472-7700
Fax: (512) 472-0205

---

[1]     This information was also confirmed via the Texas Secretary of State's Business Filings.

Of Counsel:

Lauren L. Burgess
Texas Bar No. 24082751
Southern District No. 2110127
lburgess@hannaplaut.com
**HANNA & PLAUT, LLP**
211 E. Seventh Street, Suite 600
Austin, Texas 78701
Tel: (512) 472-7700
Fax: (512) 472-0205

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically and/or via facsimile on this 19th day of March, 2020, to the following counsel of record:

F. Black Dietzmann
Rick Gonzalez
Law Office of F. Blake Dietzmann
2317 N. Main
San Antonio, Texas 78212

*/s/ Catherine L. Hanna*
Catherine L. Hanna