CAUSE NO. ___19-8-16012_____

| | | |
|---|---|---|
| **ST. PAUL LUTHERAN CHURCH** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **vs.** | § | _24th_ **JUDICIAL COURT** |
| | § | |
| | § | |
| **PHILADELPHIA INDEMNITY INSURANCE** | § | **JACKSON COUNTY, TEXAS** |
| **COMPANY AND HAAG ENGINEERING CO.** | § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ST. PAUL LUTHERAN CHURCH, (hereinafter referred to as, "St. Paul" or

"Plaintiff", complaining of PHILADELPHIA INDEMNITY INSURANCE COMPANY (hereinafter

referred to as, "Philadelphia" or "Defendant") and HAAG ENGINEERING CO. (hereinafter

referred to as, "HAAG") and files this, its Original Petition and for cause of action would

respectfully show unto the Court the following:

### I. DISCOVERY-CONTROL PLAN

1.　　Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure

190.3 and affirmatively pleads that this suit is not governed by the expedited-actions

process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over

$100,000.

### II. CLAIM FOR RELIEF

2.　　Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. (Tex. R. Civ.

P. 47(c)(4).)

**EXHIBIT "A"**

### III.  VENUE

3.      Venue is appropriate in Jackson County, Texas because all or part of the action occurred

in Jackson County, Texas, and Plaintiff, St. Paul Lutheran Church is located in Jackson

County, Texas, which is the subject of this lawsuit.

### IV. PARTIES

4.      Plaintiff is St. Paul Lutheran Church, located at 108 E. Gayle St., Edna, Texas 77957-3754.

5.      Defendant, Philadelphia Indemnity Insurance Company, is a foreign insurance company,

located at One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004 and engaged in

the business of insurance in Texas. Defendant, Philadelphia Indemnity Insurance

Company, *may be served with process by serving its Registered Agent, CT Corporation*

*System, at 1999 Bryan St. Ste. 900, Dallas, Texas 75201-3136. SERVICE OF PROCESS*

*WILL BE ACCOMPLISHED BY PRIVATE PROCESS.*

6.      Defendant, HAAG Engineering Co., is a domestic for-profit engineering company, located

at 1410 Lakeside Parkway Suite 100, Flower Mound, TX 75028. Defendant, HAAG

ENGINEERING CO., *may be served with process by serving its Registered Agent,*

*Cogency Global Inc., at 1601 Elm St., Ste. 4360, Dallas, Texas 75201. SERVICE OF*

*PROCESS WILL BE ACCOMPLISHED BY PRIVATE PROCESS.*

### V. AGENCY AND RESPONDEAT SUPERIOR

7.      Whenever in this petition it is alleged that the Defendants did any act or thing, it is

meant that Defendants itself or its agents, officers, servants, employees, or

representatives did such act or thing, and it was done with the full authorization or

ratification of Defendants or done in the normal routine, course and scope of the agency

2

or employment of Defendants or its agents, officers, servants, employees, or representatives.

### VI. CONDITIONS PRECEDENT

8.   All of the conditions precedent to bringing this suit under the policy and to the Defendants' liability to the Plaintiff under the policy for the claims alleged have been met or will be met.  All notices of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law.  In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requests, Defendants waived them.  Defendant is estopped from asserting them, and/or the Plaintiff substantially complied with them, or is excused.  Plaintiff makes the same allegation of waiver or estoppel, as to every defense or exclusion plead by Defendants, as to each claim for breach of contract or statutory violation as to Defendants. Plaintiff complied with all terms and conditions of the policy, but its claims were nonetheless denied and/or partially denied. Such denials/partial denials and refusals to pay waive any further compliance with said policy by Plaintiff, and leave it free to sue for those benefits to which it is entitled that were denied, partially denied or underpaid.

9.   This is a First-Party insurance coverage case against Defendant Philadelphia, stemming from extensive damage to Plaintiff's church, located at 108 E. Gayle. St., Edna, Texas 77957-3754, resulting from Hurricane Harvey.  Hurricane Harvey struck the gulf coast on or about August 26, 2017.   Plaintiff seeks a declaration that its property and consequential losses are covered under the policy of insurance issued by Defendant, Philadelphia. Plaintiff seeks damages for breach of contract, recovery under a policy of

insurance, and violations of Chapter 542 of the Texas Insurance Code from Defendant Philadelphia.  Plaintiff also seeks its attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest.   Defendant Philadelphia, is an individual, corporation, association, partnership, or other legal entity engaged in the business of insurance.  Defendant, constitutes a person as that term is defined in Chapter 541 of the Texas Insurance Code.

10. This is a Negligence case against Defendant HAAG Engineering for damages caused to Plaintiff's roof, during Defendant HAAG's investigation on behalf of Defendant Philadelphia.

## VII. BACKGROUND FACTS

11. Plaintiff is the owner of Insurance Policy No. PHPK1654682, issued by Defendant HAAG.

12. On or about August 26, 2017 Hurricane Harvey caused damage to Plaintiff's church located at 108 E. Gayle St., Edna, Texas 77957-3754.

13. Plaintiff reported a claim to Defendant, Philadelphia, on or about September 1, 2017, for including roof leaks, steeple damage, exterior and interior damages resulting from Hurricane Harvey. Thereafter, Defendant, Philadelphia, assigned claim number PHPK1654682 to Plaintiff's Hurricane Harvey claim.

14. Defendant Philadelphia, employed the service of an independent adjusting company, Cunningham Lindsey U.S. Inc. to investigate the incident.  Thereafter, adjuster Mark Wettack, Cunningham Lindsey, prepared an estimate for all the covered damages to Plaintiff's church in the total amount of $1,408.50 less $20,000 deductible, which resulted in $0 payment.

4

15.   Thereafter, following the denial/partial denial by Defendant Philadelphia, Plaintiff, St. Paul Lutheran Church hired Public Adjuster, James Matysek.   During the course of performing his investigation, Mr. Matysek's found evidence of hail damages to Plaintiff's church and reported same to Defendant Philadelphia, Claim No. PHRL18101221478.

16.   On or about October 24, 2018, Public Adjuster, James Matysek, sent his damage estimate to Defendant Philadelphia in the amount of $489,755.96 for the damages resulting from Hail/Wind.

17.   On or about December 21, 2018, Defendant Philadelphia hired Defendant HAAG to inspect the roof coverings, air conditioning condenser units and windows to determine the extent of hail caused damage from a March 28, 2018 storm.  HAAG concluded, no damages caused by Hail.

18.   Thereafter, on or about January 29, 2019, Defendant HAAG returned to the property to continue its evaluation in regards to the extent of hail-caused damage to the church, and to evaluate the extent of wind-caused damage to the roof coverings during the passage of Hurricane Harvey.   Defendant HAAG, conclusions included, "The St. Paul Lutheran Church property displayed no physical evidence of severe wind forces occurred during Harvey, the steeple was not racked or otherwise shifted by wind forces during Harvey and moisture intrusion in the steeple did not originate from storm-caused openings".

19.   Defendant HAAG's January 29, 2019 report, however does state, "During our inspection, we deformed a trim piece along the sanctuary southeast rake due to contact with the boom lift".

20. On or about February 17, 2019, adjuster Aaron Camp, Worley Commercial Specialty Division, on behalf of Defendant Philadelphia, estimated the hail damages to St. Paul Church in the total RCV amount of $10,489.84 less policy deductible $20,000, which resulted in $0 payment.

21. Thereafter in March 2019, Plaintiff, St. Paul Lutheran Church retained the Law Offices of F. Blake Dietzmann.

22. In May 2019, Plaintiff invoked the appraisal provision pursuant to Defendant Philadelphia's policy of insurance. As of August 26, 2019, the Appraisal Process is still in progress.

### VIII. CAUSES OF ACTION

#### A. BREACH OF CONTRACT - PHILADELPHIA

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein for this cause of action.

According to the Insurance Policy that Plaintiff purchased, Defendant, Philadelphia, has the duty to investigate and pay Plaintiff policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from both a Hurricane and a Hail Storm. As a result of Hurricane Harvey and/or ensuing losses from the August, 2018 Hurricane, both of which are covered perils under the Policy, Plaintiff's church, located at 108 E. Gayle, Edna, Texas has been damaged. In addition, as a result of a March 2018 Hail Storm and/or ensuing losses from the March 2018 Hail storm, both of which are covered perils under the Policy, Plaintiff's church, located at 108 E. Gayle, Edna, Texas has been damaged.

6

Defendant, Philadelphia, breached the insurance policy/contract, with Plaintiff by failing to conduct a reasonable, adequate, thorough, and good-faith investigation of the damages to Plaintiff's church.  Philadelphia's biased, substandard investigation, as well as Philadelphia's failure and refusal to conduct a reasonable investigation and to estimate all the covered damages, as Defendant, Philadelphia, is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant, Philadelphia's, contract with Plaintiff.  Defendant, Philadelphia's, failure to pay for all the covered damages to Plaintiff's church, as Defendant, Philadelphia is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant, Philadelphia's, contract with Plaintiff.   In addition, Defendant, Philadelphia's, failure to timely pay Plaintiff for covered damages as required by the terms of Plaintiff's policy, constitutes a breach of contract.  Furthermore, Defendant, Philadelphia, failed to comply with the terms and conditions of the policy.

As a result of Defendant, Philadelphia's, acts and omissions, Defendant, Philadelphia, breached the contract with Plaintiff.  As a result of Defendant, Philadelphia's breaches of contract, Plaintiff is entitled to attorney's fees under Chapter 38 of the Civil Practice and Remedies Code.

B. **VIOLATION OF SECTION 542 - PHILADELPHIA**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein for this cause of action.

Defendant, Philadelphia's, acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code.

Defendant, Philadelphia, failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim(s), beginning an investigation of Plaintiff's claim(s), and requesting all information reasonably necessary to investigate Plaintiff's claim(s), within the statutorily mandated time of receiving notice of Plaintiff's claim(s). Defendant, Philadelphia's, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

Defendant, Philadelphia, failed to accept or deny Plaintiff's full and entire claim(s) within the statutorily mandated time of receiving all necessary information. Defendant, Philadelphia, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

Defendant, Philadelphia, failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claims longer than allowed and, to date. Defendant, Philadelphia, conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

From and after the time Plaintiff's claim for Hurricane damage and Hail damage were presented to Defendant, Philadelphia, the liability of Defendant, Philadelphia, to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant, Philadelphia, has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have denied full payments for the damages to Plaintiff's property, located at 108 E. Gayle, Edna, Texas.

As a result of Defendant, Philadelphia's, wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who is representing it with respect to these causes of action.

8

C.    **NEGLIGENCE – HAAG ENGINEERING**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein for this cause of action.

Defendant, HAAG's, is liable to Plaintiff, St. Paul Church for Negligence.  Defendant HAAG owed St. Paul Lutheran Church a duty to use reasonable care while performing its investigation into the damages to St. Paul Church.  Defendant HAAG failed as evidenced in its January 29, 2019 HAAG report, which states, "During our inspection, we deformed a trim piece along the sanctuary southeast rake due to contact with the boom lift".  Defendant HAAG is liable to St. Paul for Negligence, for failing to use reasonable care to avoid a foreseeable harm to St. Paul's church, which caused property damage to St. Paul's roof.

## IX. DAMAGES

The above described acts, omissions, failures and conduct of Defendant, Philadelphia have caused Plaintiff damages which include, without limitation, the cost to properly repair Plaintiff's Church and any investigative and engineering fees incurred in the claims. The conduct of Defendant, Philadelphia, proximately caused the injuries and damages to the Plaintiff for which it herein sues.

In addition, the above described acts and conduct of Defendant HAAG, have caused Plaintiff roof damages.  The conduct of Defendant HAAG, proximately caused the injuries and damages to the Plaintiff for which it herein sues.  Plaintiff is entitled to recover damages against Defendant HAAG for HAAG's negligence in damaging Plaintiff's roof.

Plaintiff is entitled to recover damages as well as attorney's fees under Chapter 38 of the Civil Practice and Remedies Code for Defendant, Philadelphia's Breach of Contract.  In

addition, Plaintiff is entitled to recover penalties and interest pursuant to Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE 542.  All the damages described in this petition are within the jurisdictional limits of the Court.

## X. ATTORNEYS' FEES

As a result of Defendant, Philadelphia's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, as well as Section 542 of the Texas Insurance Code from Defendant, Philadelphia.

## XI.

Plaintiff asserts all statutory claims, demands, and causes of action assertable under state law from the pleaded scenario and facts. Plaintiff seeks from Defendant, Philadelphia, actual damages, as well as all other damages and penalties available at law.  Plaintiff seeks from Defendant, HAAG, actual damages for HAAG's negligence.

## XII.  REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure 194 and 194.1, you are requested to disclose, within Fifty (50) days of service of this request, all of the information or materials described in Rule 194 and 194.2.

## XIII. PRAYER

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial and tenders the statutory jury fee to the Clerk of the Court, along with the filing of the Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays, moves and respectfully requests this Honorable Court for the following relief:  That upon final hearing and trial hereof, the Honorable Court grant to the Plaintiff all such relief as to which it may show itself justly entitled, either at law or in equity, either general or special, including declaratory judgment against Defendant, Philadelphia, judgment against the Defendant for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, under the facts set forth in this or any amended pleading.

Respectfully Submitted,

LAW OFFICE OF F. BLAKE DIETZMANN

By:   /s/ F. Blake Dietzmann
        F. Blake Dietzmann
        State Bar No.  00795321
        Rick Gonzales
        State Bar No. 24045955
        2317 N. Main
        San Antonio, Texas 78212
        Telephone: (210) 732-9900
        Telecopier: (210) 732-9919
        Email: rickgo1@sbcglobal.net
        **ATTORNEYS FOR PLAINTIFF**

11

*The attachment intended by the District Clerk is the Plaintiffs' Original Petition and Request for Disclosure consisting of eleven (11) pages filed on August 26, 2019 by Floyd Dietzmann, Attorney for Plaintiff, which is being attached to this citation by said Attorney.*

Receipt# 14.......

Check# 1......

**CITATION- DISTRICT COURT- JACKSON COUTY, TEXAS**

059100

| | |
|---|---|
| CLERK OF THE COURT | ATTORNEY FOR PLAINTIFF |
| Sharon Mathis | Floyd Dietzmann |
| 115 West Main, Room 203 | 2317 North Main |
| Edna, Texas 77957 | San Antonio, Texas 78212 |

# ORIGINAL

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgement may be taken against you."

To: **CT CORPORATION SYSTEM, REGISTERED AGENT, 1999 Bryan St. Ste. 900, Dallas Texas, 75201-3136.**

Defendant, Greeting:  You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Request for Disclosure** on or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 24th Judicial District of **JACKSON** County, Texas at the Court House of said County in **Edna**, Texas.

Said Petition was filed in said court on the **26th** day of **August** A.D. **2019**, in cause number **19-8-16012** on the docket of said court, and styled,

### ST. PAUL LUTHERAN CHURCH
### VS.
### PHILADELPHIA INDEMNITY INSURANCE COMPANY AND HAAG ENGINEERING CO.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Request for Disclosure** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand seal of said Court at **Edna**, Texas this the **27th** day of **August** A.D.**2019**.

**SHARON MATHIS**
**DISTRICT CLERK**
**JACKSON COUNTY, TEXAS**

By: _Krissa Emerson_
KRISSA EMERSON, DEPUTY

Filed _December 13_ 20 19 at 9:45 A

_Sharon Mathis_
Sharon Mathis, District Clerk, Jackson County, TX

**RETURN OF SERVICE**
**CAUSE NUMBER 19-8-16012**
<u>ST. PAUL LUTHERAN CHURCH VS. PHILADELPHIA INDEMNITY INSURANCE COMPANY AND HAAG ENGINEERING CO.</u>

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

ADDRESS FOR SERVICE: <u>CT CORPORATION SYSTEM, REGISTERED AGENT, 1999 Bryan St. Ste. 900, Dallas Texas, 75201-3136.</u>

<u>OFFICER'S RETURN</u>

Came to hand on the _____ day of **NOV 1 2 2019** , 20____, at _____, o'clock ____.m., and executed in
_____ County, Texas by delivering to each of the within named defendants in person, a true copy of this
Citation with the date of delivery endorsed thereon, together with the accompanying copy of the <u>Plaintiff's Original Petition and Request for Disclosure</u> at the following times and places, to-wit:

Name                     Date/Time           Place, Course and Distance from Courthouse
_____      _____  _____

<u>And not executed as to the defendant(s),</u> _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy $_____          **TRACEY GULLEY, CONSTABLE**
Total                     $_____          **DALLAS COUNTY PRECINCT 1** Officer
                                            _____, County, Texas

                                            By: _____, Deputy

                                            _____
                    Affiant

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.</u>
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall
sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable or the clerk of the
court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is _____
            (First, Middle, Last)

_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

## CONSTABLE'S RETURN

**Style of Case:**   ST. PAUL LUTHERAN CHURCH VS. PHILADELPHIA INDEMNITY INSURANCE COMPANY AND HAAG ENGINEIGERING CO

**Came into hand, this** __12__ **day of** __NOVEMBER__ **,20** __19__ **AT** __11:06__

o'clock __A__ M. **by executing and delivering a** __CITATION__ **issued out of the**

state of __TEXAS__ __19816012__ __13__ **day**

__NOVEMBER__ **, 20** __19__ **, at** __3:25__ **o'clock** __P__ **M., to:**

☐ _____ **personally delivered/served true and correct copies of same.**

**OTHER NOTES:** _____

☐ _____ **pursuant to Rule 106/Rule 536, to an occupant:**
_____ **over the age of 16 years.**

☐ _____ **pursuant to Rule 106/Rule 536, by securely attaching**

**and/or affixing to the** _____ **of the defendant's last known place of**
☐ **business** ☐ **abode.**

☐ **CT CORPORATION** ☐ **A Corporation** ☐ **A Business**

**Name:** __CT CORPORATION__ ☐ **President** ☐ **Vice-President** ☒ **Registered Agent**

☒ **By delivering to the defendant's registered agent for service, C.T. CORPORATION SYSTEM, through Their authorized agent to accept service:** __ANTIONETTE WILLIAMS SOP INTAKE ASSOCIATE__

**at 1999 BRYAN ST STE 900 Dallas, Texas 75201.**

**Service Address:** __1999 BRYAN ST STE 900 DALLAS TEXAS 75201__

☐ **RETURNED TO COURT AND/OR PLAINTIFF FOR THE FOLLOWING REASONS:**

_____

**Service Fees: $** __80.00__

*Jackson #105*
T. JACKSON, SERGEANT #105
**TRACEY L. GULLEY, CONSTABLE**
**DALLAS COUNTY PRECINCT 1**

**COUNTY OF DALLAS**

**STATE OF TEXAS**

**SIGNED AND SWORN BY SAID** _____ **,before me, this** _____

**Day 0f** _____ **20** ____ **, to certify which, witness my hand and seal of office.**

__NOTARY PUBLIC-IN AND FOR THE STATE OF TEXAS__
_____
_____

*The attachment intended by the District Clerk is the Plaintiffs' Original Petition and Request for Disclosure consisting of eleven (11) pages filed on August 26, 2019 by Floyd Dietzmann, Attorney for Plaintiff, which is being attached to this citation by said Attorney.*

Receipt#_421229_   **CITATION- DISTRICT COURT- JACKSON COUTY, TEXAS**

Check#_0702_

| CLERK OF THE COURT | ATTORNEY FOR PLAINTIFF |
|---|---|
| Sharon Mathis | Floyd Dietzmann |
| 115 West Main, Room 203 | 2317 North Main |
| Edna, Texas 77957 | San Antonio, Texas 78212 |

# ORIGINAL   THE STATE OF TEXAS

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgement may be taken against you."**

To: **COGENCY GLOBAL INC., REGISTERED AGENT of HAAG Engineering, 1601 Elm St, Ste. 4360, Dallas Texas, 75201.**

Defendant, Greeting:  You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Request for Disclosure** on or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **24th** Judicial District of **JACKSON** County, Texas at the Court House of said County in **Edna,** Texas.

Said Petition was filed in said court on the **26th** day of **August** A.D. **2019**, in cause number **19-8-16012** on the docket of said court, and styled,

**ST. PAUL LUTHERAN CHURCH**

**VS.**

**PHILADELPHIA INDEMNITY INSURANCE COMPANY AND HAAG ENGINEERING CO.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Request for Disclosure** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand seal of said Court at **Edna,** Texas this the **27th** day of **August** A.D.**2019.**



**SHARON MATHIS**
**DISTRICT CLERK**
**JACKSON COUNTY, TEXAS**

By: _Krissa Emerson_

KRISSA EMERSON, DEPUTY

Rule 106: A-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached hereto @ _____ filed _December 10_ 20 19 at 9:35 AM

_Sharon Mathis_

Sharon Mathis, District Clerk, Jackson County, TX

### RETURN OF SERVICE
### CAUSE NUMBER 19-8-16012
### ST. PAUL LUTHERAN CHURCH VS. PHILADELPHIA INDEMNITY INSURANCE COMPANY AND HAAG ENGINEERING CO.

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE: <u>COGENCY GLOBAL INC., REGISTERED AGENT of HAAG Engineering, 1601 Elm St, Ste. 4360, Dallas Texas, 75201.</u>**

<u>OFFICER'S RETURN</u>

Came to hand on the _____ day of   NOV 1 2 2019   , 20___, at   1106   , o'clock   A   .m., and executed in
_____ County, Texas by delivering to each of the within named defendants in person, a true copy of this
Citation with the date of delivery endorsed thereon, together with the accompanying copy of the <u>Plaintiff's Original Petition and Request for Disclosure</u> at the following times and places, to-wit:

Name *Cogency Global Inc*   Date/Time   *12.4.19 1040am*   Place, Course and Distance from Courthouse   *1601 Elm St Ste 4360*
*Reg Agent of HAAG*   *Dallas TX*
*Thru Rodney Waller Client service specialist*
<u>And not executed as to the defendant(s),</u>

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

FEES:                                          TRACEY GULLEY, CONSTABLE
Serving Petition and Copy $  *80*           DALLAS COUNTY PRECINCT 1
Total                      $  *80.00*        _____, Officer
                                            _____, County, Texas
                                            By: _____ *#135* , Deputy

Affiant

**COGENCY**GLOBAL

**RODNEY WALLER**
CLIENT SERVICE SPECIALIST

RWALLER@COGENCYGLOBAL.COM
D: 518.213.0764
O: 844.818.2384

COGENCY GLOBAL INC.
1601 ELM STREET, STE. 4360
DALLAS, TX 75201

...THER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,
...r or authorized person who serves, or attempts to serve, a citation shall
...uired to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the
...enalty of perjury and contain the following statement:
..., my date of birth is _____, and my address is

_____.

...Y THAT THE FORGOING IS TRUE AND CORRECT.
...e of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

CAUSE NO. 19-8-16012

| | | |
|---|---|---|
| ST. PAUL LUTHERAN CHURCH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | JACKSON COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | |
| and HAAG ENGINEERING CO., | § | |
| | § | |
| *Defendants.* | § | 24TH JUDICIAL DISTRICT |

## DEFENDANT PHILADELPHIA INDEMNITY
### INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE DISTRICT JUDGE:

Philadelphia Indemnity Insurance Company, a Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer in response to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I.

### GENERAL DENIAL

As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by the Plaintiff, St. Paul Lutheran Church ("Plaintiff"), and requests that the Court require Plaintiff to prove all of its charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

Filed 12/4/2019 12:04 PM
Sharon Mathis, District Clerk
Jackson County, TX

## II.

### AFFIRMATIVE DEFENSES

By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff:

1.      Defendant alleges it is entitled to a credit or offset for all payments it made to Plaintiff on the insurance claim that forms the basis of this lawsuit. Defendant therefore asserts the affirmative defenses of offset, credit and payment.

2.      Pleading further and in the alternative, Defendant alleges it is entitled to a credit or offset for all payments paid by any settling person, responsible third party or any other person or entity not a party to this lawsuit.  Defendant therefore asserts the affirmative defenses, to the extent applicable, of offset, credit and payment.

3.      Pleading further and in the alternative, Defendant alleges that if Plaintiff's damages, if any, resulted from both covered and non-covered causes of loss, Plaintiff bears the burden of segregating the damages which resulted from covered causes of loss.  *Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650, 669 (S.D. Tex. 2010); *All Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.); *Feiss v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

4.      Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate its damages as

required by applicable law and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

5.      Pleading further, and in the alternative, Defendant alleges that the discovery in this case may show that Plaintiff failed to mitigate its damages as required under the terms and provisions of the policy of insurance Defendant issued to Plaintiff, and that any damages Plaintiff suffered by such failure to mitigate are therefore barred.

6.      Pleading further and in the alternative, Defendant asserts the coverage language, exclusions, limitations and definitions in the policy of insurance Defendant issued to St. Paul Lutheran Church under number PHPK1654682, including but not limited to the following:

a.   *Building and Personal Property Coverage Form* (CP 00 10 10 00), modified by the *Texas Changes* endorsement on form CP 01 42 03 12:

**A.  Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**3.   Covered Causes Of Loss**

See applicable Causes of Loss Form as shown in the Declarations.

**B.  Exclusions and Limitations**

See applicable Causes of Loss Form as shown in the Declarations.

**E.  Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Policy Conditions.

3.  **Duties In The Event Of Loss Or Damage**

   a.  You must see that the following are done in the event of loss or damage to Covered Property:

   (2)  Give us prompt notice of the loss or damage. Include a description of the property involved.

   (3)  As soon as possible, give us a description of how, when and where the loss or damage occurred.

   (4)  Take all reasonable steps to protect the Covered Property from further damage and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance. However, we will not pay for subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if possible, set the damaged property aside and in the best possible order for examination.

   (5)  At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, cost, values, and amount of loss claimed.

   (6)  As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records....

   (7)  Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 91 days after our request. We will supply you with the necessary forms.

   (8)  Cooperate with us in the investigation or settlement of the claim.

4.  **Loss Payment**

   a.  In the event of loss or damage covered by this Coverage Form, at our option, we will either:

   (1)  Pay the value of lost or damaged property;

   (2)  Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

   (3)  Take all or any part of the property at an agreed or appraised value; or

   (4)  Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

   We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance

with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

**b.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

## F.  Additional Conditions

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

### 1.  Coinsurance

If a Coinsurance percentage is shown in the Declarations, the following condition applies.

**a.** We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

Instead, we will determine the most we will pay using the following steps:

**(1)** Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

**(2)** Divide the Limit of Insurance of the property by the figure determined in Step **(1)**;

**(3)** Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step **(2)**; and

**(4)** Subtract the deductible from the figure determined in Step **(3)**.

We will pay the amount determined in Step **(4)** or the limit of insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

## G.  Optional Coverages

If shown as applicable in the Declarations, the following Optional Coverages apply separately to each item.

### 3.  Replacement Cost

\*   \*   \*

**c.** You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the event you elect to

---

have loss or damage settled on an actual cash value basis, you may still make a claim for the additional coverage this Optional Coverage provides if you notify us of your intent to do so within 180 days after the loss or damage.

\* \* \*

**d.** We will not pay on a replacement cost basis for any loss or damage:

**(1)** Until the lost or damaged property is actually repaired or replaced; and

**(2)** Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

\* \* \*

**e.** We will not pay more for loss or damage on a replacement cost basis than the least of **(1)**, **(2)** or **(3)**, subject to **f.** below.

**(1)** The Limit of Insurance applicable to the lost or damaged property;

**(2)** The cost to replace the lost or damaged property with other property:

**(a)** Of comparable material and quality; and

**(b)** Used for the same purpose; or

**(3)** The amount actually spent that is necessary to repair or replace the lost or damaged property.

If a building is rebuilt at a new premises, the cost described in **e.(2)** above is limited to the cost which would have been incurred if the building had been rebuilt at the original premises.

**f.** The cost of repair or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

b. *Causes of Loss – Special Form* (CP 10 30 10 00):

**A. Covered Causes of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

1. Excluded in Section **B.**, Exclusions; or

2. Limited in Section **C.**, Limitations;

that follow.

B. **Exclusions**

    2.   We will not pay for loss or damage caused by or resulting from any of the following:

        d.   **(1)** Wear and tear;

            **(2)** Rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

            **(4)** Settling, cracking, shrinking or expansion;

        But if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

        f.   Continuous or repeated seepage or leakage of water that occurs over a period of 14 days or more.

        m.  Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

    3.   We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c.  But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

        c.   Faulty, inadequate or defective:

            **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

            **(3)** Materials used in repair, construction, renovation or remodeling, or

            **(4)** Maintenance;

        of part or all of any property on or off the described premises.

C. **Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated:

    1.   We will not pay for loss or damage to property, as described and limited in this section.  In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

7098121 v1 (55220.00306)

    c.  The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

      (1)  The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, ice, sand or dust enters; or

      (2)  The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

c.  *Commercial Property Conditions* issued on form CP 00 90 07 88, modified by *Texas Changes* endorsement on form CP 01 42 03 12:

## D.  LEGAL ACTION AGAINST US

**a.**  Except as provided in Paragraph **b.**, no one may bring a legal action against us under this Coverage Part unless:

  **(1)**  There has been full compliance with all of the terms of the Coverage Part; and

  **(2)**  The action is brought within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

**b.**  With respect to loss or damage in the State of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, no one may bring a legal action against us under this Coverage Part unless:

  **(1)**  There has been full compliance with all of the terms of the Coverage Part; and

  **(2)**  The action is brought within the earlier of the following:

    **(a)**  Two years and one day from the date we accept or reject the claim; or

    **(b)**  Three years and one day from the date of the loss or damage that is the subject of the claim.

## H.  POLICY PERIOD, COVERAGE TERRITORY

Under this Coverage Part:

**1.**  We cover loss or damage commencing

  **a.**  During the policy period shown in the Declarations....

d. *Windstorm Or Hail Percent Deductible* endorsement issued on form CP 03 21 06 95:

### SCHEDULE*

| Premises No. | Bldg. No. | Windstorm or Hail Deductible Percentage (enter 1%, 2% or 5%) |
|---|---|---|
| 0001 | 0001 | 2% |
| 0001 | 0002 | 2% |
| 0001 | 0003 | 2% |
| 0001 | 0004 | 2% |

The Windstorm or Hail Deductible, as shown in the Schedule, applies to loss or damage to Covered Property, caused directly or indirectly by Windstorm or Hail, regardless of any other cause or event that contributes concurrently or in any sequence to the loss or damage. If loss or damage from a covered weather condition other than Windstorm or Hail occurs, and the loss or damage would not have occurred but for the Windstorm or Hail, such loss or damage shall be considered to be caused by Windstorm or Hail and therefore part of the Windstorm of Hail occurrence.

With respect to Covered Property at a location identified in the Schedule, no other deductible applies to Windstorm or Hail.

The Windstorm of Hail Deductible applies whenever there is an occurrence of Windstorm or Hail.

\* \* \*

## WINDSTORM OR HAIL DEDUCTIBLE CLAUSE

A. All Policies

    1. A deductible is calculated separately for, and applies separately to:

        a. Each building, if two or more buildings sustain loss or damage;

        b. The building and to personal Property in that building, if both sustain loss or damage;

        c. Personal property at each building, if personal property at two or more buildings sustains loss or damage;

        d. Personal Property in the open.

    2. We will not pay for loss or damage until the amount of loss or damage exceeds the applicable Deductible. We will then pay the amount of loss or damage in excess of that Deductible up to the applicable Limit of Insurance, after any reduction required by any of the following: Coinsurance Condition, Agreed Value

---

Option Coverage, Additional Condition – Need for Adequate
Insurance or Additional Condition – Need for Full Reports.

7.     Pleading further and in the alternative, Defendant alleges that
Plaintiff's contract damages, if any, are capped by the amounts of the appraisal
awards issued in the appraisal proceeding Plaintiff invoked, after applying all
lawful and contractual offsets and credits relating to the policy deductibles and the
other provisions, exclusions and limitations in the insuring agreement.

8.     Pleading further and in the alternative, Defendant alleges that an
insurer's timely payment of an appraisal award forecloses the insurer's liability for
breach of contract. *Ortiz v. State Farm Lloyds*, No. 17-1048, 2019 WL 2710032, *3-6
(Tex. June 28, 2019); *Barbara Techs. Corp. v. State Farm Lloyds*, No. 17-0640, 2019
WL 2710089 (Tex. June 28, 2019).

9.     Pleading further and in the alternative, Defendant would show that
Plaintiff's damages, if any, are capped by the limits of insurance set forth in the
policy of insurance Defendant issued to Plaintiff for the building that forms the
basis of this action.

10.     Pleading further and in the alternative, Defendant pleads the
applicability of the excessive demand doctrine, which precludes Plaintiff from
recovering the fees and expenses of its attorney in this action. *Findlay v. Cave*, 611
S.W.2d 57, 58 (Tex. 1981).

<u>PRAYER</u>

Based on the foregoing, Defendant Philadelphia Indemnity Insurance Company, having fully answered, prays that upon final hearing and trial, the claims and causes of action Plaintiff St. Paul Lutheran Church has brought against such Defendant be dismissed with prejudice, that Plaintiff take nothing by its claims and causes of action, and that such Defendant obtain such other relief and further relief to which it may be justly entitled.

Respectfully submitted,

**MAYER LLP**

By: _____/s/   William R. Pilat_____
    William R. Pilat
    Texas Bar No. 00788205
    Email: wpilat@ mayerllp.com
    Allison M. Hooker
    State Bar No. 24046103
    Email:  ahooker@mayerllp.com
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone:  713-487-2000
Facsimile:   713-487-2019

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 4, 2019, a true and correct copy of the foregoing *Original Answer* was served upon all other known counsel of record, as listed below, by filing this instrument with the electronic service provider for the Jackson County District Court:

F. Blake Dietzmann
Rick Gonzales
LAW OFFICE OF F. BLAKE DIETZMANN
2317 N. Main Avenue
San Antonio, Texas 78212

<u>      /s/   *William R. Pilat*          </u>
William R. Pilat

CAUSE NO. 19-8-16012

| | | |
|---|---|---|
| ST. PAUL LUTHERAN CHURCH | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | JACKSON COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY and HAAG | § | |
| ENGINEERING CO. | § | |
|     Defendants. | § | 24TH JUDICIAL DISTRICT |

## DEFENDANT HAAG ENGINEERING CO.'S ORIGINAL ANSWER

Defendant Haag Engineering Co. ("Haag" or "Defendant"), files its Original Answer and shows:

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Haag generally denies each and every, all and singular, the allegations in Plaintiff's Petition, and, since they are allegations of fact, requests that Plaintiff be required to prove them by a preponderance of the credible evidence as is required by state law.

### AFFIRMATIVE DEFENSE

Haag affirmatively alleges that it is entitled to an offset to the extent that Plaintiff resolved a claim for the same alleged injury or harm with a third party.

### PRAYER

Haag prays that Plaintiff take nothing by its suit, that Haag recovers its attorneys' fees, and for such other and further relief, both general and special, at law and in equity, to which it may be entitled to receive.

**Defendant Haag Engineering Co's Original Answer**
7581729v2
02588.139

**Page 1 of 2**
Filed 12/27/2019 1:35 PM
Sharon Mathis, District Clerk
Jackson County, TX

Respectfully submitted,

By: ___/s/ James L. Sowder_____
        James L. Sowder
        State Bar No. 18863900
        Benjamin L. Weible
        State Bar No. 24068834

Thompson, Coe, Cousins & Irons, L.L.P.
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone:    (214) 871-8200
Facsimile:    (214) 871-8209
E-Mail:      jsowder@thompsoncoe.com
            bweible@thompsoncoe.com
**Counsel For Defendant**
**Haag Engineering**

## CERTIFICATE OF SERVICE

    I hereby certify that on December 27, 2019, a true and correct copy of the foregoing document was served upon all known parties in accordance with the Texas Rules of Civil Procedure:

F. Blake Dietzmann
Rick Gonzales
Law Office of F. Blake Dietzmann
2317 N. Main
San Antonio, Texas 78212
(210) 732-9900
(210) 732-9919 (fax)
rickgol@sbcglobal.net
**Attorneys For Plaintiff**
**St. Paul Lutheran Church**

William R. Pilat
Allison M. Hooker
Mayer LLP
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
(713) 487-2000
(713) 487-2019 (fax)
wpilat@mayerllp.com
ahooker@mayerllp.com
**Attorneys for Defendant Philadelphia**
**Indemnity Insurance Company**

                  ___/s/ James L. Sowder_____
                     James L. Sowder

CAUSE NO. 19-8-16012

| | | |
|---|---|---|
| ST. PAUL LUTHERAN CHURCH | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| v. | § | JACKSON COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY and HAAG | § | |
| ENGINEERING CO. | § | |
|     Defendants. | § | 24TH JUDICIAL DISTRICT |

## DEFENDANT HAAG ENGINEERING CO.'S MOTION TO SEVER

Defendant Haag Engineering Co. ("Haag") files this Motion to Sever Plaintiff St. Paul Lutheran Church's ("St. Paul") claim for minor property damage against Haag from the insurance coverage-related claims against Defendant Philadelphia Indemnity Insurance Company ("Philadelphia").

### Summary

This case involves two separate and unrelated issues: (1) St. Paul's insurance coverage dispute with Philadelphia, an insurance carrier, regarding Hurricane Harvey damage and (2) St. Paul's separate claim against Haag, an engineering firm, for damage to a small piece of roof trim caused by a boom lift during a property inspection. The trim damage has no bearing on the coverage dispute with Philadelphia. Because the facts are not intertwined, St. Paul and Haag should litigate—and perhaps resolve—the negligence claim much more quickly, conveniently, and efficiently through litigation separate from the coverage dispute. To do justice and promote efficiency and convenience, Haag requests the Court to sever St. Paul's negligence claim against Haag from St. Paul's claims against Philadelphia.

### Factual background

According to St. Paul, Hurricane Harvey caused damage to its church, and St. Paul reported a claim for the damage to Philadelphia. *See* Plaintiff's Original Petition and Request for Disclosure

---

**Defendant Haag Engineering Co's Motion to Sever**                                        **Page 1 of 6**

Filed 1/24/2020 12:23 PM
Sharon Mathis, District Clerk
Jackson County, TX

at ¶¶12-13. Philadelphia hired Haag to inspect portions of the church building, and Haag performed its evaluation of the building in or about December 2018 and January 2019. *Id.* at ¶¶17-18.

Referencing Haag's inspection report, St. Paul asserts a negligence cause of action against Haag for deforming a trim piece on the roof while using a boom lift during Haag's inspection. *Id.* at p. 9. St. Paul identifies no other purported wrongdoing by and asserts no other cause of action against Haag.[1]



*Figure 1 - Trim damage cited in Haag's Inspection Report*

On the other hand, St. Paul asserts causes of action against Philadelphia for breach of contract and violations of the Texas Insurance Code. *Id.* at pp. 6-8. St. Paul bases those claims on Philadelphia's investigation of the claim for Hurricane Harvey damage and failure to provide

---

[1] Nor does St. Paul have any basis to do so. *See generally Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 791-94 (Tex. App.—Houston [14th Dist.], no pet.).

prompt payment. *Id.* St. Paul does not allege Haag was complicit in Philadelphia's allegedly improper investigation or that Haag was in any way involved in payment of the claim.

## Argument and Authority

The facts underlying the negligence claim against Haag have no bearing on and do not intertwine with St. Paul's separate coverage dispute with Philadelphia, so the Court should sever the claim against Haag. Any claim against a party may be severed. TEX. R. CIV. P. 41; *State v. Morello*, 547 S.W.3d 881, 889 (Tex. 2018). Claims are properly severable when (1) the dispute involves more than one cause of action, (2) the severed claim would be the proper subject of a separate lawsuit, and (3) the severed claim would not involve the same facts and issues. *Morello*, 547 S.W.3d at 889. The controlling reasons for severance are to do justice, avoid prejudice, and promote convenience. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). This case meets the requirements for severance, and Haag asks this Court to sever the cause of action for negligence against Haag from the coverage dispute with Philadelphia to promote justice and convenience.

The elements set forth in *Morello* are present here and strongly support severance. St. Paul asserts separate causes of action against Haag and Philadelphia. The crux of St. Paul's claim against Haag is that Haag accidentally bumped a piece of roof trim with a boom lift at some point during Haag's inspection. *See* Plaintiff's Original Petition at ¶19 and p. 9. St. Paul could assert its claim against Haag for trim damage in a separate suit. The facts underlying the respective claims are not the same: St. Paul's case against Haag will involve Haag's operation of a boom lift and the allegedly resulting property damage, whereas its claims against Philadelphia involve Philadelphia's investigation and payment of a claim for damages caused by Hurricane Harvey. In sum, the alleged trim damage is in no way related to the Hurricane Harvey damage made the basis

of the coverage claims, and St. Paul's causes of action against Philadelphia are wholly distinct from the negligence cause of action against Haag and involve completely different facts.

The reasons for severance here align with the reasons for severance articulated by the Texas Supreme Court. Any discovery and pretrial matters related to the negligence claim will be unrelated to that of the coverage dispute, and trial would necessarily involve a wholly different set of factual issues, thereby causing prejudice to the defendants and reducing judicial efficiency. Severance, on the other hand, will greatly reduce the parties' involvement with irrelevant discovery, will provide a much more efficient path to litigation and potential resolution of the relatively minor negligence claim, and will conserve the Court's resources in the event of trial. As such, severance will do justice, avoid prejudice, and promote convenience.

### Prayer

Haag requests that this Court sever St. Paul's claim against Haag from St. Paul's claims against Philadelphia. Haag requests such further relief, both general and special, at law and in equity, to which it may be entitled.

Respectfully submitted,

By:   */s/ James L. Sowder*
      James L. Sowder
      State Bar No. 18863900
      Benjamin L. Weible
      State Bar No. 24068834

Thompson, Coe, Cousins & Irons, L.L.P.
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone:    (214) 871-8200
Facsimile:    (214) 871-8209
E-Mail:      jsowder@thompsoncoe.com
           bweible@thompsoncoe.com

**Counsel for Defendant**
**Haag Engineering Co.**

## CERTIFICATE OF CONFERENCE

On January 24, 2020, counsel for Haag Engineering Co. conferred with counsel for Defendant Philadelphia Insurance Company and counsel for Plaintiff. Defendant Philadelphia Insurance Company does not oppose this motion. Plaintiff opposes this motion.

       */s/ Benjamin L. Weible*
       Benjamin L. Weible

---

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2020, a true and correct copy of the foregoing document was served upon all known parties in accordance with the Texas Rules of Civil Procedure:

F. Blake Dietzmann
Rick Gonzales
Law Office of F. Blake Dietzmann
2317 N. Main
San Antonio, Texas 78212
(210) 732-9900
(210) 732-9919 (fax)
rickgo1@sbcglobal.net
**Attorneys for Plaintiff**
**St. Paul Lutheran Church**

William R. Pilat
Mayer LLP
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
(713) 487-2000
(713) 487-2019 (fax)
wpilat@mayerllp.com
**Attorneys for Defendant Philadelphia**
**Indemnity Insurance Company**


*/s/ Benjamin L. Weible*
Benjamin L. Weible

CAUSE NO. 19-8-16012

| | | |
|---|---|---|
| ST. PAUL LUTHERAN CHURCH | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | JACKSON COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY and HAAG | § | |
| ENGINEERING CO. | § | |
| Defendants. | § | 24TH JUDICIAL DISTRICT |

## NOTICE OF HEARING ON
## DEFENDANT HAAG ENGINEERING CO.'S MOTION TO SEVER

Notice is given that the hearing on Defendant Haag Engineering Co.'s Motion to Sever has

been scheduled to take place before the Court on **February 18, 2020 at 9:00 a.m.** in the 24th

Judicial District Court of Jackson County, Texas; Jackson County Courthouse, 115 West Main,

Edna, Room 203, Texas 77957.

Respectfully submitted,

By: _/s/ James L. Sowder_
     James L. Sowder
     State Bar No. 18863900
     Benjamin L. Weible
     State Bar No. 24068834

Thompson, Coe, Cousins & Irons, L.L.P.
Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-Mail:    jsowder@thompsoncoe.com
           bweible@thompsoncoe.com

**COUNSEL FOR DEFENDANT**
**HAAG ENGINEERING CO.**

Filed 1/28/2020 3:47 PM
Sharon Mathis, District Clerk
Jackson County, T)

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2020, a true and correct copy of the foregoing document was served upon all known parties in accordance with the Texas rules of Civil Procedure:

F. Blake Dietzmann
Rick Gonzales
Law Office of F. Blake Dietzmann
2317 N. Main
San Antonio, Texas 78212
(210) 732-9900, Telephone
(210) 732-9919, Facsimile
rickgo1@sbcglobal.net
**Attorneys for Plaintiff**
**St. Paul Lutheran Church**

William R. Pilat
Mayer LLP
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
(713) 487-2000
(713) 487-2019 (fax)
wpilat@mayerllp.com
**Attorneys for Defendant Philadelphia**
**Indemnity Insurance Company**

_/s/ Benjamin Weible_____
Benjamin Weible

CAUSE NO. 19-8-16012

| ST. PAUL LUTHERAN CHURCH | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | JACKSON COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | |
| and HAAG ENGINEERING CO. | § | 24TH JUDICIAL DISTRICT |

## ST. PAUL LUTHERAN CHURCH'S OBJECTION AND RESPONSE IN OPPOSITION TO HAAG ENGINEERING CO.'S MOTION TO SEVER

Comes Now, Plaintiff, ST. PAUL LUTHERAN CHURCH, and files its Objection and Response in Opposition to Defendant, HAAG ENGINEERING CO.'S Motion to Sever. Plaintiff, ST. PAUL LUTHERAN CHURCH, asks the Court to deny Defendant, HAAG Engineering Co.'s Motion to Sever.

## INTRODUCTION

1. Plaintiff, St. Paul Lutheran Church, sued Defendant, HAAG Engineering Co., ("HAAG") for Negligence.

2. Plaintiff, St. Paul Lutheran Church, sued Defendant, Philadelphia Indemnity Insurance Company ("Philadelphia") for Breach of Contract and violations of Texas Insurance Code Chapter 542.

3. Defendant, HAAG and Defendant, Philadelphia both filed Original Answers to St. Paul Lutheran Church's ("St. Paul's") Original Petition in December 2019.

4. Discovery will be conducted under Level 3 of Texas Rules of Civil Procedure 190.3.

5. This case is not set for trial at this time.

## BACKGROUND

6. On January 24, 2020, Defendant, HAAG, filed a Motion to Sever, asking the Court to sever Plaintiff's, St. Paul's Negligence claim for property damage against HAAG from the Breach of Contract and Texas Insurance Code, Chapter 542 insurance related claims against Defendant, Philadelphia.

7. Defendant, Philadelphia hired Defendant, HAAG to inspect/evaluate property damages to St. Paul's Lutheran Church resulting from Hurricane Harvey and Hail and HAAG performed its evaluation of the church in or about December 2018 and January 2019.

8. During Defendant, HAAG's January 2019 inspection, Defendant, HAAG caused irreparable damages to St. Paul's ALCOA aluminum roof with HAAG's boom lift, as evidenced by HAAG's January 29, 2019 engineering report, which states, "During our inspection, we deformed a trim piece along the sanctuary southeast rake due to contact with the boom life". **(See Exhibit "A")**

9. Thereafter, St. Paul Lutheran Church's Hurricane Harvey claim and St. Paul's Hail claim went through the Appraisal Process and in December 2019, Philadelphia paid the Appraisal Awards, which were both signed by the appraisal umpire, Jim Filipowicz and Philadelphia's appraiser, Claudio Navia.

10. In regards to the Hurricane Harvey appraisal, umpire Filipowicz awards a total Replacement Cost Value (RCV) in the amount of $148,632.03 and of the total award, $139,405.92 RCV, for the replacement of the ALCOA aluminum roof on the main church building.  Mr. Filipowicz further states in his umpire award estimate, **(See Exhibit "B")**

> **"Note: This is the roof on the main church building.  The roof covering is an Alcoa, aluminum shake style panel which were installed in 1982 and are no longer available or compatible with current products on the market."**.............. *(Emphasis Added)*

11. Thereafter on or about December 12, 2020, Defendant Philadelphia sends a check in the Actual Cash Value (ACV) in the amount of $99,129.93 for the Hurricane Harvey appraisal.  Interesting to note, Philadelphia's comments on the check stub, which states, **(See Exhibit "C")**

> COMMENTS:  **"Payment under Building coverage Appraisal award for building 1 & 3 less the depreciation and deductible Includes $597.85 in costs associated with the damage caused by HAAG's lift"**
> *(Emphasis Added)*

## ARGUMENT & AUTHORITIES

**A. The claim involves the same facts and issues.**

12.  A court should deny the motion to sever if the claim to be severed is so interwoven with the remaining action that it involves the same facts and issues. *In re State*, 355 S.W.3d

611, 614 (Tex. 2011); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Te. 2007); *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996); *see Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990).

13.  The Court should deny Defendant HAAG's motion to sever because the facts and issues regarding Plaintiff's roof and the damages caused by Defendant HAAG are so interwoven with the claims against Defendant Philadelphia.  Plaintiff's Alcoa roof damages, and Plaintiff's causes of action against Defendant HAAG and Defendant Philadelphia are wholly based on a single insurance claim reported by Plaintiff, St. Paul Lutheran Church and a single weather event, Hurricane Harvey.

In December 2018, in regards to Hurricane Harvey and the damages sustained by St. Paul Lutheran Church, and despite Defendant HAAG having caused irreparable damage to Plaintiff's Alcoa aluminum roof, Defendant HAAG, concluded:

> "The St. Paul Lutheran Church property displayed no physical evidence of severe wind forces occurred during Harvey, the steeple was not racked or otherwise shifted by wind forces during Harvey and moisture intrusion in the steeple did not originate from the storm-caused openings".  **(See Exhibit "A")**

Interesting to note, Jim Filipowicz's umpire award estimate dated November 26, 2019, Mr. Filipowicz states, **"Note: This is the roof on the main church building.  The roof covering is an Alcoa, aluminum shake style panel which were installed in 1982 and are no longer available or compatible with current products on the market."** (Exhibit "B")

In addition, the same facts and issues regarding Plaintiff's damages and the lawsuit filed against both Defendant HAAG and Defendant Philadelphia are so interwoven as further evidenced by Defendant Philadelphia's February 17, 2019 adjuster, Worley Commercial Specialty Division's, estimate, which includes, (Exhibit "D")

> Roofing Repair – Minimum Charge – Labor and Material - $380.39;
>
> Repair trim as damaged by HAAG
> Painting – Minimum Charge – Labor and Material - $217.46

Further evidence, is Defendant Philadelphia's Appraisal Award Check stub, which states under Comments,

> "Payment under Building coverage
> Appraisal award for building 1 & 3 less the depreciation and deductible
> Includes $597.85 in costs associated with the damage caused by HAAG's lift"    **(See Exhibit "C")**

**B. Injustice, prejudice, and inconvenience.**

14.   A court should deny a motion to sever if granting the motion will not do justice, avoid prejudice, or further the convenience of the parties or the court. *In re State*, 355 S.W.3d 611, 613 (Tex. 2011); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007); *Owens v. Owens*, 228 S.W.3d 721, 726 (Tex. App.—Houston [14th Dist.] 2006, pet. dism'd).

15.   The Court should deny Defendant HAAG's Motion to Sever because granting the motion will not do justice, avoid prejudice, or further the convenience of the parties or the Court.   Defendant HAAG, states in it's Motion to Sever, "Any discovery and pretrial matters related to the negligence claim will be unrelated to that of the coverage dispute, and trial would necessarily involve a wholly different set of factual issues, thereby causing prejudice to the defendants and reducing judicial efficiency".   St. Paul Lutheran Church disagrees for the following reasons:

First, Appraisal umpire, Jim Filipowicz, estimated $139,405.92 for the replacement cost of the Alcoa roof.   (See Exhibit "B").   Defendant Philadelphia denied Plaintiff's claim for damages resulting from Hurricane Harvey on or about November 2, 2017. (See Exhibit "B-1").

Second, Defendant HAAG admitted in its January 2019, HAAG Engineering report causing damages to Plaintiff's Alcoa roof with its boom lift, while performing HAAG's inspection/investigation in December 2018, on behalf of Defendant Philadelphia.   (See Exhibit "A")

On February 17, 2019, Defendant Philadelphia Indemnity Insurance Company's adjuster/adjusting company, estimated the damages caused by HAAG were $380.39 plus painting $217.46.   (See Exhibit "D").

On November 26, 2019, the agreed to Appraisal Umpire, Jim Filipowicz, stated in his umpire award estimate, "Note: This is the roof on the main church building.  The roof covering is an Alcoa, aluminum shake style panel which were installed in 1982 and are no longer available or compatible with current products on the market."  Mr. Filipowicz's Appraisal Award Estimate awarded RCV $139,405.92 as the cost to replace Plaintiff's Alcoa roof.   (See Exhibit "B").

Defendant Philadelphia's appraisal award check dated December 12, 2019, states on check stub, "Includes $597.85 in costs associated with damage caused by HAAG's lift.   (See Exhibit "C").

16.   Furthermore, In the case of *In RE: Edward Liu, M.D. 290 S.W.3d 515 (Tex.App.—Texarkana 2009, no writ)*, the Court denied severance, where a passenger injured in an automobile accident brought an action asserting negligence claims against an intoxicated driver, breach of contract claims against two insurers, and a medical malpractice claim against the physician who treated her broken arm.   Dr. Liu sought to sever the medical

malpractice claim. The trial court refused to sever the medical malpractice claim and the Texarkana Court of Appeals held that the trial court did not abuse its discretion by denying the motion to sever the malpractice claim. *Id.* ("Where the tortious acts of two or more wrongdoers join to produce an indisible injury, that is, an injury from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers…the injured parties may proceed to judgment…against all in one suit."). The proof of necessity to replace the entire Alcoa roof and the cost of said replacement are interwoven factually regarding HAAG's negligence, as well as Philadelphia's claim's decisions.

## CONCLUSION

17. "A trial court properly exercises its discretion in severing claims when: (1) The controversy involves more than one cause of action; (2) The severed claim is one that could be asserted independently in a separate lawsuit; and (3) The severed actions are **NOT** so interwoven with the other claims that they involve the same facts and issues." *Guaranty Federal Savings v. Horseshoe Operating Company, 793 S.W.2d 652, 658 (Tex. 1990) (emphasis added).* The facts and issues are so similar and interwoven in the instant cause as to prohibit severance. "The controlling reasons for severance are to do justice, avoid prejudice and further convenience." *Id.* In the instant cause, the facts and issues in regards to St. Paul's claim against HAAG are so interwoven and so inextricably intertwined with the facts and issues with St. Paul's claims against Philadelphia, that HAAG's Motion to Sever must be denied. In addition, severing St. Paul's claim against HAAG from St. Paul's claims against Philadelphia will not do justice, will not avoid prejudice and will not promote convenience.

## PRAYER

18. WHEREFORE, PREMISES CONSIDERED, Plaintiff, St. Paul Lutheran Church, respectfully prays that Defendant, HAAG Engineering Co.'s, Motion to Sever be in all things DENIED.

Respectfully Submitted,

LAW OFFICE OF F. BLAKE DIETZMANN

*/s/ F. Blake Dietzmann*

F. Blake Dietzmann
Rick Gonzales
2317 N. Main
San Antonio, Texas 78212
PH: 210-732-9900
F: 210-732-9919
Email: rickgo1@sbcglobal.net

This document has been electronically signed and/or sealed in accordance with the applicable State Board of Professional Engineering requirements.

St. Paul Lutheran Church
Property Damage Evaluation – Hail
108 East Gayle Street
Edna, TX  77957
Client File: PHRL18101221478
Haag File: 0218000345-1609/196
**Report 2**


Worley Co.
9725 Windermere Boulevard
Fishers, IN  46037

Attention: Aaron Camp


January 29, 2019



Ben Taylor
Jan 29, 2019



Exhibit "A"



625 Industrial Blvd.

Sugar Land, TX 77478

HaagGlobal.com

800.635.0116

281.313.9700

281.313.9707 fax

January 29, 2019

Worley Co.
9725 Windermere Boulevard
Fishers, IN 46037

Attention: Aaron Camp

Re:   St. Paul Lutheran Church
Property Damage Evaluation – Hail
108 East Gayle Street
Edna, TX 77957
Client File: PHRL18101221478
Haag File: 0218000345-1609/196
**Report 2**

As requested, we have continued our analysis of the captioned property roof coverings to determine the extent of hail-caused damage. Specifically, we were asked to return to the site and evaluate the extent of wind-caused damage to the roof coverings during the passage of Hurricane Harvey, and, in particular, evaluate the extent of wind-caused damage to the steeple. This correspondence follows our inspection report December 21, 2018. Refer to our initial report for more information.

This engineering report has been written for your sole use and purpose, and only you have the authority to distribute this report to any other person, firm, or corporation. Haag Engineering Co. and its agents and employees do not have and do disclaim any contractual relationship with, or duty or obligation to, any party other than the addressee of this report and the principals for whom the addressee is acting. Only the engineers who signed this document have the authority to change its contents and then only in writing to you. This report addresses the results of work completed to date. Should additional information become available, we reserve the right to amend, as warranted, any of our conclusions.

## Weather Data

During late August 2017, Hurricane Harvey made landfall near Rockport, Texas (about 70 miles south-southwest of Edna, Texas). The storm intensity diminished rapidly as it moved inland. According to the post-hurricane report published by the National Hurricane Center (NHC), airports and other weather stations closest to the St. Paul Lutheran Church property reported the following information during the passage of Harvey:

Worley Co.                                                          Page 3
St. Paul Lutheran Church                                    January 29, 2019
Edna, TX                                        Haag File: 0218000345-1609/196

Table 1. NHC Wind and Rain Data for Harvey

| Location | Sustained Wind, MPH | Peak Wind Gust, MPH | Station Location | Cumulative Rainfall, In. |
|---|---|---|---|---|
| Victoria Regional Airport | 43 | 59 | 19 miles SW | 1.06 |
| Port Lavaca (VCAT2/8773259) | 61 | 77 | 23 miles S | - |

The two weather stations in Table 1 were located between the St. Paul Lutheran Church property and where Hurricane Harvey made its initial landfall. Wind speed data at these two sites reflects speeds likely greater than conditions experienced at the St. Paul Lutheran Church property during the storm.

Instruments which record official wind speeds are 33 feet above ground in open, unobstructed terrain (or corrected to that elevation and exposure for comparison). Wind speeds decrease closer to the ground surface and are slowed also by sheltering features like urban terrain and trees. Further, actual wind forces on a structure are functions of building height, orientation to the wind, and architectural features. Site inspection is necessary to confirm wind effects on structures. See *https://www.nhc.noaa.gov/data/tcr/AL092017_Harvey.pdf* for the NHC report.

## Inspection

We returned to the site on January 15, 2019, and met with Mr. James Matysek (Public Adjuster). He stated that there were no additional areas of moisture intrusion. We reinspected each building roof covering on the church property, and conditions were similar to those observed during our initial inspection. Our observations were documented with field notes and photographs. Representative photographs are attached to this report. (Refer to those photographs for details of our specific observations.)

In general, the property exhibited no evidence of severe wind force effects. Wood fencing was not leaned or displaced by wind forces. Gutters and downspouts remained in place. As stated in our initial report, two sanctuary windows facing southwest contained an isolated crack in a small area of each window. Remaining windows were not broken, and no other windows were reported broken. Window screens contained isolated tears and were not pelted by debris impact. Several mature trees around the property contained broken or mechanically trimmed limbs.

Shingles on the preschool building roof laid flat on the roof decking. There were no areas of missing shingles at ridges, rakes, eaves, or corner areas where wind forces would be strongest. As shown in our initial report photographs, there were meandering marks, typical of those that originate during installation, on some shingles. Most shingles with these marks were well-sealed. Metal panels on the breezeway and other covered areas were not lifted or peeled back due to wind forces. The metal-framed support structures for the covered areas were essentially plumb and had not been shifted by wind forces.



Worley Co.                                                                                              Page 4
St. Paul Lutheran Church                                                            January 29, 2019
Edna, TX                                                            Haag File: 0218000345-1609/196

The aluminum roofing panels were generally in place. As stated in our initial report, one aluminum
roofing panel had deformed upward from the sanctuary northeast slope near the east corner. Paint on
the deformed panel and the downslope panel top surfaces were abraded and scratched due to tree limb
contact. The underlayment was in place beneath the deformed panel. Another area of aluminum
roofing panels on the sanctuary northeast slope were abraded along a curved pattern due to tree limb
contact. Several tree limbs had broken or were mechanically cut above the sanctuary northeast slope.
During our inspection, we contacted a trim piece along the sanctuary with the boom lift, causing it to
deform.

The steeple was located near the southeast end of the sanctuary and featured an octagonal tower,
lantern, and spire. The steeple was clad with copper panels that were fastened with screws and
nails, soldered, and crimped in place. The lantern featured louvers with wire mesh on the interior
side. The metal cross at the top of the spire was secured in place to the structure with several tabs
that were crimped into the top of the spire.

There were various dents in the tower and spire cladding, and some were likely caused by hail
impact. None of these dents had a corresponding hail-caused spatter mark. There were no
punctures at the hail-caused dents, and no seams were opened due to hail impact. One nail had
partially backed out at the top of the lantern, but the structure remained in place. Several colors of
sealant had been applied around the steeple junction to the roof covering and along corner seams
at the bottom of the lantern. Most sealant was well-weathered due to the long-term exposure. We
found openings in the sealant at the bottom corners of some louvers. There were no separations in
the sealant along joints and no freshly exposed areas due to recent movement of the steeple. The
lantern was the only section with "vertical" surfaces, and these were essentially plumb. The cross
at the top of the spire was not firmly secured in place and was easily moved with hand pressure.
Similarly, the cross support structure was not firmly secured in place at the crimped areas at the
top of the spire. The natural position of the cross was leaned and could be moved to plumb by
hand.

## Discussion

A building is an obstacle to wind currents which will cause changes in the direction of air flow.
Redirection of the air flow results in varying magnitudes of wind pressure over building surfaces.
In general, inward-acting pressures are produced on windward surfaces, and outward-acting
pressures are produced on leeward surfaces. Further, since the flow of air cannot negotiate sharp
discontinuities in building surfaces, such as wall corners, eaves, roof ridges, roof hips, and roof
corners, the flow will separate from building surfaces, resulting in outward-acting forces. Failure
or removal of roof coverings or cladding, typically, initiates at these areas. When shingles or metal
panels pieces are lifted by wind, forces that develop under the lifted roof covering help to tear them
loose. Typically, when winds have reached levels where roof coverings/cladding damage occurs,
there is some combination of missing, torn, creased, and peeled-back pieces. Wind damages roof
coverings with shingles and metal panels directly by displacing or peeling away the roofing
material and indirectly by wind-borne debris impact.



Worley Co.                                                                    Page 5
St. Paul Lutheran Church                                          January 29, 2019
Edna, TX                                        Haag File: 0218000345-1609/196

The St. Paul Lutheran Church property displayed no physical evidence of severe wind forces. The buildings exhibited no cladding damage consistent with the effects of wind. The meandering shingle marks on the preschool building were caused during the shingle installation process and were not caused by wind forces. The deformed roof panel near the sanctuary east corner was due to tree limb contact that may have occurred during Harvey. We note that tree limbs close to a building can contact the structure even if wind speeds at the site are less than severe. The remaining metal roof panels were not damaged by wind forces during the storm.

The deformed aluminum panel may be folded back into its original profile and secured into place. Alternatively, the panel can be individually replaced as outlined in the repair procedures provided by Isaiah Industries (https://www.isaiahindustries.com/brands/), the parent company of Classic Metal Roofing Systems (refer to Attachment A in this report). If replacement panels are not available, then roof slope B or C (refer to Attachment A in our initial report) can be fully replaced, allowing for one existing panel to be used to replace the deformed sanctuary panel.

The steeple was not racked or otherwise shifted by wind forces during Harvey. There were no deformed or displaced areas of the steeple cladding due to wind forces. Cladding seams and joints were intact and had not been disturbed by wind forces. The loosely, attached cross at the top of the spire had not been detached or loosened by wind forces. Weathered sealant applications to the steeple junction to the roof slopes and throughout the lantern reveal long-term issues of water entry. Our inspection revealed that moisture intrusion at the steeple was associated with long-term weathering and other as-built conditions. There were no storm-caused openings to the steeple associated with Harvey.

## Conclusions

Conclusions stated in our initial report are unchanged. Based on the information discussed above, we are providing the following additional conclusions:

9.  The St. Paul Lutheran Church property displayed no physical evidence of severe wind forces occurred during Harvey.

10. The steeple was not racked or otherwise shifted by wind forces during Harvey.

11. Moisture intrusion in the steeple did not originate from storm-caused openings.

12. The deformed aluminum panel near the sanctuary east corner can be individually replaced by the procedure outlined in Attachment A of this report.

13. Asphalt shingles on the preschool building and R-panel steel roof coverings were not damaged by wind forces during Harvey.

14. No other roof repairs are required to address the effects of wind forces during Harvey.



Worley Co.                                                         Page 6
St. Paul Lutheran Church                             January 29, 2019
Edna, TX                          Haag File: 0218000345-1609/196

15. During our inspection, we deformed a trim piece along the sanctuary southeast rake due to contact with the boom lift.

Respectfully submitted,
**HAAG ENGINEERING CO.**

Jan 29, 2019

Benjamin M. Taylor, P.E.
Texas License 121559

Haag Engineering Co.
CA F-311
Expires: 06/30/19

Jan 29, 2019

Steven R. Smith, P.E.
Texas License 107752

BMT/SRS:lah





## Cavalry Construction & Restoration

(210) 821-1777 (Main)
(210) 334-9559 (Cell)
(210) 579-1872 (Fax)
jfilipowicz@cavalryconstruction.com

Client:      St. Paul Lutheran Church - Wind
Property:    108 E. GAYLE
             EDNA, TX 77957

Operator:    JFILIPOW

Estimator:   Jim Filipowicz                         Business:   (210) 821-1777
Business:    3690 Highpoint                         E-mail:     jim@jfassociates.net
             San Antonio, TX 78217

Type of Estimate:    Wind Damage
Date Entered:        6/21/2019              Date Assigned:

Price List:          TXVC8X_APR19
Labor Efficiency:    Restoration/Service/Remodel
Estimate:            ST_PAUL_LUTHERAN-2

This estimate is for the wind damage.  Claim # 1107646  DOL 8/26/2017

Exhibit "B"



**Cavalry Construction & Restoration**

(210) 821-1777 (Main)
(210) 334-9559 (Cell)
(210) 579-1872 (Fax)
jfilipowicz@cavalryconstruction.com

### ST_PAUL_LUTHERAN-2
### EXTERIOR

#### Main Church Roof

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| Note: This is the roof on the main church building.  The roof covering is an Alcoa, aluminum shake style panel which were installed in 1982 and are no longer available or compatible with current products on the market The roof encompasses the Sanctuary, Fellowship Hall , Offices, Kitchen and Breezeway and terminates before the classroom building which has a similar metal shake roof that was installed in 2005 and is not affected. | | | | | | | |
| 1.  Remove Aluminum shingle - including felt - color finish | 120.73 SQ | 62.07 | 0.00 | 1,498.74 | 8,992.45 | (0.00) | 8,992.45 |
| 2.  Aluminum shake/slate - including felt - color finish | 132.80 SQ | 665.85 | 0.00 | 17,684.98 | 106,109.86 | (26,567.22) | 79,542.64 |
| 3.  R&R Aluminum shingle/shake valley flashing - color finish | 160.00 LF | 11.18 | 0.00 | 357.76 | 2,146.56 | (628.99) | 1,517.57 |
| 4.  R&R Aluminum shake/slate - ridge or hip - color finish | 289.00 LF | 15.61 | 0.00 | 902.26 | 5,413.55 | (1,558.40) | 3,855.15 |
| 5.  R&R Aluminum rake/gable edge trim - color finish | 244.00 LF | 4.67 | 0.00 | 227.90 | 1,367.38 | (263.91) | 1,103.47 |
| 8.  Aluminum shingle/shake - starter strip | 400.00 LF | 3.15 | 0.00 | 252.00 | 1,512.00 | (422.24) | 1,089.76 |
| 62.  R&R Drip edge | 1,025.00 LF | 1.91 | 0.00 | 391.56 | 2,349.31 | (174.25) | 2,175.06 |
| 9.  Remove Additional charge for steep roof greater than 12/12 slope | 111.41 SQ | 20.09 | 0.00 | 447.64 | 2,685.87 | (0.00) | 2,685.87 |
| 10.  Additional charge for steep roof greater than 12/12 slope | 122.55 SQ | 55.79 | 0.00 | 1,367.42 | 8,204.48 | (0.00) | 8,204.48 |
| 11.  R&R Flashing - pipe jack - lead | 6.00 EA | 62.83 | 0.00 | 75.40 | 452.38 | (169.20) | 283.18 |
| 12.  R&R Exhaust cap - through roof - 6" to 8" | 2.00 EA | 71.70 | 0.00 | 28.68 | 172.08 | (49.50) | 122.58 |

| | | | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| **Totals:  Main Church Roof** | | | 0.00 | 23,234.34 | 139,405.92 | 29,833.71 | 109,572.21 |

#### Storage Shed

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 56.  R&R Storage shed - Vinyl - Gable type - 10' x 8' | 1.00 EA | 1,465.03 | 0.00 | 293.00 | 1,758.03 | (206.24) | 1,551.79 |
| **Totals:  Storage Shed** | | | 0.00 | 293.00 | 1,758.03 | 206.24 | 1,551.79 |
| **Total:  EXTERIOR** | | | 0.00 | 23,527.34 | 141,163.95 | 30,039.95 | 111,124.00 |

### INTERIOR

#### Fellowship Hall



**Cavalry Construction & Restoration**

(210) 821-1777 (Main)
(210) 334-9559 (Cell)
(210) 579-1872 (Fax)
jfilipowicz@cavalryconstruction.com

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| This area is outside of the area of the roof which was damaged and is not part of the appraisal. | | | | | | | |
| **Totals: Fellowship Hall** | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

### Kitchen

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| This area is outside of the area of the roof which was damaged and is not part of the appraisal. | | | | | | | |
| **Totals: Kitchen** | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

### Pre School Office

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| This area is outside of the area of the roof which was damaged and is not part of the appraisal. | | | | | | | |
| **Totals: Pre School Office** | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

### General Requirements

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | O&P | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|
| 38. Dumpster load - Approx. 40 yards, 7-8 tons of debris | 3.00 EA | 1,013.00 | 0.00 | 607.80 | 3,646.80 | (0.00) | 3,646.80 |
| 39. Temporary Repairs (Bid Item) | 1.00 EA | 800.00 | 0.00 | 160.00 | 960.00 | (0.00) | 960.00 |
| 43. Commercial Supervision / Project Management - per hour | 40.00 HR | 59.61 | 0.00 | 476.88 | 2,861.28 | (0.00) | 2,861.28 |
| **Totals: General Requirements** | | | 0.00 | 1,244.68 | 7,468.08 | 0.00 | 7,468.08 |
| **Line Item Totals: ST_PAUL_LUTHERAN-2** | | | 0.00 | 24,772.02 | 148,632.03 | 30,039.95 | 118,592.08 |

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| Commercial | 146,874.00 | 98.82% | 117,040.29 | 98.69% |
| Other Structures | 1,758.03 | 1.18% | 1,551.79 | 1.31% |
| Contents | 0.00 | 0.00% | 0.00 | 0.00% |
| Total | 148,632.03 | 100.00% | 118,592.08 | 100.00% |



**Cavalry Construction & Restoration**

(210) 821-1777 (Main)
(210) 334-9559 (Cell)
(210) 579-1872 (Fax)
jfilipowicz@cavalryconstruction.com

## Summary for Commercial

| | |
|---|---:|
| Line Item Total | 122,394.98 |
| Overhead | 12,239.51 |
| Profit | 12,239.51 |
| **Replacement Cost Value** | **$146,874.00** |
| Less Depreciation | (29,833.71) |
| **Actual Cash Value** | **$117,040.29** |
| **Net Claim** | **$117,040.29** |
| Total Recoverable Depreciation | 29,833.71 |
| **Net Claim if Depreciation is Recovered** | **$146,874.00** |

Jim Filipowicz



**Cavalry Construction & Restoration**

(210) 821-1777 (Main)
(210) 334-9559 (Cell)
(210) 579-1872 (Fax)
jfilipowicz@cavalryconstruction.com

### Summary for Other Structures

| | |
|---|---:|
| Line Item Total | 1,465.03 |
| Overhead | 146.50 |
| Profit | 146.50 |
| **Replacement Cost Value** | **$1,758.03** |
| Less Depreciation | (206.24) |
| **Actual Cash Value** | **$1,551.79** |
| **Net Claim** | **$1,551.79** |
| Total Recoverable Depreciation | 206.24 |
| **Net Claim if Depreciation is Recovered** | **$1,758.03** |

Jim Filipowicz



**Cavalry Construction & Restoration**

(210) 821-1777 (Main)
(210) 334-9559 (Cell)
(210) 579-1872 (Fax)
jfilipowicz@cavalryconstruction.com

## Recap of Taxes, Overhead and Profit

|            | Overhead (10%) | Profit (10%) |
|------------|---------------:|-------------:|
| Line Items | 12,386.01      | 12,386.01    |
| Total      | 12,386.01      | 12,386.01    |



**Cavalry Construction & Restoration**

(210) 821-1777 (Main)
(210) 334-9559 (Cell)
(210) 579-1872 (Fax)
jfilipowicz@cavalryconstruction.com

## Recap by Room

**Estimate: ST_PAUL_LUTHERAN-2**

**Area: EXTERIOR**

| | | | |
|---|---|---|---|
| Main Church Roof | | **116,171.58** | **93.79%** |
| Coverage: Commercial | 100.00% = | 116,171.58 | |
| Storage Shed | | **1,465.03** | **1.18%** |
| Coverage: Other Structures | 100.00% = | 1,465.03 | |
| | | | |
| Area Subtotal:  EXTERIOR | | **117,636.61** | **94.98%** |
| Coverage: Commercial | 98.75% = | 116,171.58 | |
| Coverage: Other Structures | 1.25% = | 1,465.03 | |
| General Requirements | | **6,223.40** | **5.02%** |
| Coverage: Commercial | 100.00% = | 6,223.40 | |
| | | | |
| Subtotal of Areas | | **123,860.01** | **100.00%** |
| Coverage: Commercial | 98.82% = | 122,394.98 | |
| Coverage: Other Structures | 1.18% = | 1,465.03 | |
| | | | |
| Total | | **123,860.01** | **100.00%** |

## APPRAISAL AWARD

| | | | |
|---|---|---|---|
| Insured: | St. Paul Lutheran Church | Carrier: | Philadelphia Insurance Co. |
| Address: | 108 E. Gayle St. | Policy No: | PHPK1654682 |
| | Edna, TX 77957 | Claim No: | 1107646 |

We, the undersigned, pursuant to the within appointment, do hereby certify that we have conscientiously performed the duties assigned to us, and do hereby award as the actual value of the said property, from damage occurring on or about the 26th of August, 2017 and the amount of loss sustained thereto by Wind on that day, the following sums:

| Item | Replacement Cost Value | Depreciation | Actual Cash Value |
|---|---|---|---|
| Dwelling Loss: | $146,874.00 | $29,833.71 | $117,040.29 |
| Other Structures Loss: | $1,758.03 | $206.24 | $1,551.79 |
| Contents Loss: | $0.00 | $0.00 | $0.00 |
| Additional Living Expense: | $0.00 | $0.00 | $0.00 |
| Total: | $148,632.03 | $30,039.95 | $118,592.08 |

This award is made without consideration of any prior payment(s) made on this claim or the applicable deductible, if any.  All prior advance payment(s) and deductible(s) must be subtracted from the award total.  Policy terms, conditions, limitations and exclusions apply.

_____

_____          _____
Date                                                            Appraiser – Claudio Navia


_____          _____
Date                                                            Appraiser – Tom Brawner

12/3/2019
_____          _____
Date                                                            Umpire – Jim Filipowicz


**\*Any two signatures above constitute a valid award and are binding to all parties.**



# PHILADELPHIA
## INSURANCE COMPANIES

PO Box 950, Bala Cynwyd, PA 19004
Phone: 800.765.9749
Fax: 800.685.9238
www.phly.com

Lisa McManus
Property Claims Supervisor
Direct Dial: 916-724-2510
Email: lisa.mcmanus@phly.com

November 2, 2017

St. Paul Lutheran Church
108 E. Gayle Street
Edna, TX 77957-3754

Re:        Insured:        St. Paul Lutheran Church
           Policy No.:     PHPK1654682
           Claim No.:      1107646
           Type of Loss:   (reported as) Storm damage
           Date of Loss:   (reported as) 08/26/17

Dear Ms. Sherri Whitehead:

The purpose of this letter is to advise that we have completed our investigation into the captioned claim and unfortunately, as you have been informed, The Philadelphia Indemnity Insurance Company ("Philadelphia") will not be able to be of assistance to you regarding this matter.

On September 01 2017, we received the initial loss notification from you advising *"Storm damage –108 E. Gayle Street, Edna TX 77957-3754"*. The loss was reported to have occurred on or about August 26, 2017.

With notice that you sustained a loss, we immediately employed the services of an independent adjusting firm, Cunningham Lindsey U.S. Inc., to investigate the incident and advise us of their findings. Their adjuster, Mark Wettack, was assigned. A summary of Mr. Wettack's findings is as follows:

**"Summary of Findings"**

    **1. Hurricane Harvey- Wind**

    **Wind lifted a small section of aluminum roofing on the right slope of the sanctuary roof (Building 1). The roof damage did not result in interior water damage to the building**

    **Wind blew over a vinyl storage shed located in the playground area**

    **Wind damaged sections of the playground chain link fence when a tree and a parsonage shed were blown onto the fencing.**

    **2. Hurricane Harvey- Water**

    **The kitchen hallway has water damaged suspended acoustical ceiling tiles. The adjacent Parrish Hall has water damaged ceiling drywall and left elevation exterior wall prefinished wall paneling. The origins of the interior water damage are the roof valleys above. The front valley of**

Philadelphia Indemnity Insurance Company ▪ Maguire Insurance Agency, Inc▪
Tokio Marine Specialty Insurance Company


Exhibit "B-1"

the left intersecting lower roof gable is over the Parrish Hall damage. The rear valley of the left intersecting lower roof gable is over the kitchen hallway damage.

The valleys have debris build up present. The rear valley also terminates in a gutter, which may have overflowed due to the large amounts of rain. There is no gutter at the termination point of the front valley. The roof over the areas of interior water damage did not sustain damage by a covered cause of loss that allowed the rain to enter. We have provided an annotated aerial photograph of the risk location, denoting the leak origins.

ADJUSTMENT

We have prepared an estimate to reattach the wind lifted aluminum roofing and replace the wind damaged shed.

Estimate:

Roofing – reattach wind lifted aluminum shakes on right slope of sanctuary roof

Garages/Storage Sheds – remove & replace shed – vinyl –gable type 8'x6'

Debris Removal – haul debris – per pickup truck load-including dump fees

Total:                                $1,408.50

Less Wind/Hail deductible (2%=$20,000)

Payment                    $0.00    Loss falls below deductible

With these details of the investigation received, we reviewed the coverage afforded under the policy contract PHPK1654682, which was issued to you by the *Philadelphia Indemnity Insurance Company*. In our review of this Contract, we have found the following restriction and/or exclusions within the policy endorsements as follows:

### *BUILDING AND PERSONAL PROPERTY COVERAGE FORM CP 00 10 10/00*

*Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.*
*Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.*
*Other words and phrases that appear in quotation marks have special meaning. Refer to Section H., Definitions.*

A. **COVERAGE**
*We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.*

1. **Covered Property**
*Covered Property, as used in this Coverage Part, means the type of property described in this section, A.1., and limited in A.2., Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.*
...
E. **Loss Conditions**
*The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.*
                                    ******

### CAUSES OF LOSS – SPECIAL FORM  CP 10 30 10/00

*Words and phrases that appear in quotation marks have special meaning. Refer to Section F. – Definitions.*

A. **COVERED CAUSES OF LOSS**
  When Special is shown in the Declarations, Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS unless the loss is:
  1. Excluded in Section B., **Exclusions**; or
  2. Limited in Section C., **Limitations**; that follows.

B. **Exclusions**

  ...

  2. We will not pay for loss or damage caused by or resulting from any of the following:
  ...

  d. (1) Wear and tear
  ...

  3. We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c.  But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
  ...

  c. Faulty, inadequate or defective:
  (1) Planning, zoning, development, surveying, sitting
  (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction
  (3) Materials used in repair, construction, renovation or remodeling; or
  (4) Maintenance

C. **LIMITATIONS**
  The following limitations apply to all policy forms and endorsements, unless otherwise stated.
  We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

  The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

  (1) The "buildings" or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

  (2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.

#### Elite Property Enhancement:  Religious Organization PI-EPE-RO 01/07

E. **Outdoor Property Debris Removal**
  You may extend the insurance provided by this Coverage Form to apply to your outdoor fences and netting, outdoor lighting, outdoor pools, court surfaces, radio and television antennas (including satellite dishes), trees, shrubs, plants, lawns, and playground equipment (greater than 1250 feet from the premises described in the Declarations), including the cost of debris removal,

Page 4

caused by or resulting from any of the following Causes of Loss:

      *1. Fire;*

      *2. Lightning;*

      *3. Explosion;*

      *4. Riot or Civil Commotion;*

      *5. Aircraft or Vehicles;*

      *6. Vandalism and Malicious Mischief; or*

      *7. Theft.*

*The most we will pay for loss or damage under this Extension is $25,000. The most we will pay for any one tree, shrub, plant or acre of lawn, including the cost of debris removal, is $1,000.*

*Signs will be covered for all perils with no limitation.*

### COMMERCIAL PROPERTY CONDITIONS  CP 00 90 07/88

*This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.*

**D.   LEGAL ACTION AGAINST US**

*No one may bring a legal action against us under this Coverage Part unless:*

*1.     There has been full compliance with all of the terms of this Coverage Part; and*

*2.     The action is brought within 2 years after the date on which the direct physical loss or damage occurred.*

**H. POLICY PERIOD, COVERAGE TERRITORY**

*Under this Coverage Part:*

*1. We cover loss or damage commencing:*

*a. During the policy period shown in the Declarations; and*

*b. Within the coverage territory.*

\*\*\*\*\*\*

### TEXAS CHANGES   CP 01 42 03/12

*This endorsement modifies insurance provided under the following:*
*COMMERCIAL PROPERTY COVERAGE PART*
*STANDARD PROPERTY POLICY*

**A.   When this endorsement is attached to the Standard Property Policy CP 00 99, the term Coverage Part is replaced by the term Policy.**

**B.   Legal Action Against Us**

*1.   The Legal Action Against Us Commercial Property Condition is replaced by the following except as provided in B.2. below:*

    ***Legal Action Against Us***

    *a.   Except as provided in Paragraph b., no one may bring a legal action against us under this Coverage Part unless:*

      *(1) There has been full compliance with all of the terms of this Coverage Part; and*

      *(2) The action is brought within two years and one day from the date the cause of action first accrues.  A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.*

Page 5

    b. *With respect to loss or damage in the State of Texas caused by windstorm or hail in the catastrophe area as defined by the Texas Insurance Code, no one may bring a legal action against us under this Coverage Part unless:*
       *(1) There has been full compliance with all the terms of this Coverage Part; and*
       *(2) The action is brought within the earlier of the following:*
          *(a) Two years and one day from the date we accept or reject the claim; or*
          *(b) Three years and one day from the date of the loss or damage that is the subject of the claim.*

The policy does not afford coverage for loss or damage where there is no evidence of physical damage to the exterior of the building due to a covered cause of loss which allowed water to enter the interior of the building. Moreover, the Wind damages to the playground chain link fence caused by a tree and a parsonage shed that were blown into the fencing are excluded in the policy. The covered portions of the claim fell below the policy deductible. Given the aforementioned exclusions, we are unable to provide coverage for your loss. Accordingly, The Philadelphia Indemnity Insurance Company must regretfully decline coverage for your sustained loss.

We trust your understanding that the above stated coverage position is clear. However, should you disagree with our position, please promptly communicate your notice of disagreement to the undersigned in writing. Having adequately considered the detailed reasoning for our coverage position, we request you describe the basis for your disagreement so we can provide to you an adequate reply and/or reevaluation of that position.

Please note that nothing contained in this letter is intended to change or waive any of the other terms or conditions of the policy under which coverage is being reviewed.

Additionally, should you have any questions concerning this matter you may call Sr. Property Claims Examiner Olivia Kreibom at 916-865-2949.

Sincerely,

Lisa McManus
Property Claims Supervisor

cc:    JHC Insurance Agency, Inc.
       P.O. Box 3526
       Victoria, TX 77903

PHILADELPHIA INDEMNITY INSURANCE COMPANY
CLAIMS ACCOUNT
ONE BALA PLAZA STE 100
BALA CYNWYD, PA  19004

Date:    12/12/2019
Check#:  3000422707
Amount:  $99,129.93

LAW OFFICE of F. BLAKE DIETZMANN
2317 N. MAIN AVENUE
SAN ANTONIO      TX 78212

Questions concerning this payment? Contact our Claims Department at 1-800-765-9749 and reference the claim number when calling.

| PAYEE | St. Paul Lutheran Church and James Gerard Matysek and    LAW OFFICE of F. BLAKE DIETZMANN |

| POLICY HOLDER | St. Paul Lutheran Church | | |
|---|---|---|---|
| CLAIM# | PHRL17091107646 | DOL | 08/26/2017 |
| POLICY NUMBER | PHPK1654682 | PAYMENT | FINAL |
| INVOICE NUMBER | | TYPE | LOSS |

| EXAMINER | McManus, Lisa |

| COMMENTS | Payment under Building coverage |
|---|---|
| | Appraisal award for building 1 & 3 less the depreciation and deductible |
| | Includes $597.85 in costs associated with damage caused by HAAG's lift |

PLEASE DETACH BEFORE DEPOSITING CHECK

---

**THE FACE OF THIS CHECK IS PRINTED BLUE - THE BACK CONTAINS A SIMULATED WATERMARK**

PHILADELPHIA INDEMNITY INSURANCE COMPANY
CLAIMS ACCOUNT
ONE BALA PLAZA STE 100
BALA CYNWYD, PA  19004


PHILADELPHIA
I N D E M N I T Y
INSURANCE COMPANY
A Member of the Tokio Marine Group

11-24/1210

Date:    12/12/2019
Check #:  3000422707
Amount
$99,129.93

Pay Exactly **NINETY-NINE THOUSAND ONE HUNDRED TWENTY-NINE AND 93/100 - US Dollars**

PAY TO     St. Paul Lutheran Church and James Gerard Matysek and    LAW OFFICE of F. BLAKE DIETZMANN

| POLICY HOLDER | St. Paul Lutheran Church | DOL | 08/26/2017 |
|---|---|---|---|
| CLAIM # | PHRL17091107646 | PAYMENT | FINAL |
| POLICY NUMBER | PHPK1654682 | TYPE | LOSS |
| WELLS FARGO BANK, N.A. | | | |

Authorized Signer

Memo:

⑈0300042270?⑈ ⑆121000248⑆ 2100003191937⑈

Exhibit "C"

**✍WORLEY**   **Worley Commercial Specialty Division**

4025 NE Lakewood Way #250
Lee's Summit, MO 64064

| | | | |
|---|---|---|---|
| Insured: | St. Paul Lutheran Church | Cellular: | (361) 771-5531 |
| Property: | 108 E. Gayle Street | E-mail: | stpaulednatx@ykc.com |
| | Edna, TX 77957 | | |
| | | | |
| Claim Rep.: | Julie Chapman | Business: | (214) 765-7817 |
| Company: | Philadelphia Insurance Companies | E-mail: | julie.chapman@phly.com |
| Business: | One Bala Plaza, Suite 100 | | |
| | Bala Cynwyd, PA 19004 | | |
| | | | |
| Estimator: | Aaron Camp | Business: | (816) 777-3813 |
| Business: | 4025 NE Lakewood Way #250 | | |
| | Lee's Summit, MO 64064 | | |

**Claim Number:** 1221478          **Policy Number:** PHPK1654682          **Type of Loss:** Hail

| | | | |
|---|---|---|---|
| Date Contacted: | 10/26/2018 | | |
| Date of Loss: | 3/28/2018 | Date Received: | 10/26/2018 |
| Date Inspected: | 11/28/2018 | Date Entered: | 12/9/2018 3:33 PM |

| | |
|---|---|
| Price List: | TXVC8X_FEB19 |
| | Restoration/Service/Remodel |
| Estimate: | ST_PAUL_LUTHERAN |

NOTICE: This is a repair estimate only. We will submit it to the insurance company for their review and approval. The insurance policy may contain provisions that will reduce any payment that might be made. this is not an authorization to repair. Authorization to repair or guarantee of the payment must come from the owner of the property. No adjuster or appraiser has the authority to authorize repair or guarantee payment. The insurer assumes no responsibility for the quality of repairs that may be made.

Exhibit "D"

**⚡WORLEY**  **Worley Commercial Specialty Division**

4025 NE Lakewood Way #250
Lee's Summit, MO 64064

## ST_PAUL_LUTHERAN

### Roof/Steeple

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 1. Roofing Repair - Minimum Charge - Labor and Material | | | | | | | | | |
| | 1.00 EA | 377.62 | 2.77 | 380.39 | 0/NA | Avg. | 0% | (0.00) | 380.39 |
| Repair trim as damaged by HAAG | | | | | | | | | |
| 2. Painting - Minimum Charge - Labor and Material | | | | | | | | | |
| | 1.00 EA | 214.57 | 2.89 | 217.46 | 0/NA | Avg. | 0% | (0.00) | 217.46 |
| Paint trim to match existing | | | | | | | | | |
| 3. R&R Cupola - Copper | | | | | | | | | |
| | 1.00 EA | 3,749.54 | 295.24 | 4,044.78 | 0/150 yrs | Avg. | 0% | (0.00) | 4,044.78 |
| 4. Remove Weathervane - copper | | | | | | | | | |
| | 1.00 EA | 11.05 | 0.00 | 11.05 | 0/50 yrs | Avg. | NA | (0.00) | 11.05 |
| 5. Install Weathervane - copper | | | | | | | | | |
| | 1.00 EA | 139.45 | 0.00 | 139.45 | 0/50 yrs | Avg. | 0% | (0.00) | 139.45 |
| 6. Roofer - per hour | | | | | | | | | |
| | 48.00 HR | 86.00 | 0.00 | 4,128.00 | 0/NA | Avg. | 0% | (0.00) | 4,128.00 |
| 7. R&R Drip edge - copper | | | | | | | | | |
| | 16.00 LF | 8.46 | 9.54 | 144.90 | 0/150 yrs | Avg. | 0% | (0.00) | 144.90 |
| 8. Crane and operator - 14 ton capacity - 65' extension boom | | | | | | | | | |
| | 8.00 HR | 130.00 | 0.00 | 1,040.00 | 0/NA | Avg. | 0% | (0.00) | 1,040.00 |
| 9. Engineering fees (Bid Item) | | | | | | | | | |
| | 1.00 EA | | | | 0/NA | Avg. | 0% | | PENDING |
| **Totals: Roof/Steeple** | | | 310.44 | 10,106.03 | | | | 0.00 | 10,106.03 |

### HVAC

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 10. Comb and straighten a/c condenser fins - with trip charge | | | | | | | | | |
| | 1.00 EA | 170.76 | 0.00 | 170.76 | 0/NA | Avg. | 0% | (0.00) | 170.76 |
| **Totals: HVAC** | | | 0.00 | 170.76 | | | | 0.00 | 170.76 |

### Miscellaneous

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| 11. Single axle dump truck - per load - including dump fees | | | | | | | | | |
| | 1.00 EA | 213.05 | 0.00 | 213.05 | 0/NA | Avg. | NA | (0.00) | 213.05 |

**≠WORLEY**  **Worley Commercial Specialty Division**

4025 NE Lakewood Way #250
Lee's Summit, MO 64064

### CONTINUED - Miscellaneous

| | QUANTITY | UNIT | TAX | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|---|
| Totals: Miscellaneous | | | 0.00 | 213.05 | | | | 0.00 | 213.05 |
| Line Item Totals: ST_PAUL_ LUTHERAN | | | 310.44 | 10,489.84 | | | | 0.00 | 10,489.84 |

[%] - Indicates that depreciate by percent was used for this item
[M] - Indicates that the depreciation percentage was limited by the maximum allowable depreciation for this item

ST_PAUL_LUTHERAN

2/17/2019       Page: 3

**≠WORLEY**   **Worley Commercial Specialty Division**

4025 NE Lakewood Way #250
Lee's Summit, MO 64064

## Summary for Prem. 1 Bldg. 1

| | |
|---|---:|
| Line Item Total | 10,179.40 |
| Material Sales Tax | 310.44 |
| **Replacement Cost Value** | **$10,489.84** |
| Less Deductible    [Full Deductible = 20,000.00] | (10,489.84) |
| **Net Claim** | **$0.00** |

Aaron Camp

CAUSE NO. 19-8-16012

| | | |
|---|---|---|
| ST. PAUL LUTHERAN CHURCH, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | JACKSON COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY and | § | |
| HAAG ENGINEERING CO., | § | |
| | § | |
| *Defendants.* | § | 24TH JUDICIAL DISTRICT |

## UNOPPOSED MOTION TO WITHDRAW AND SUBSTITUTE COUNSEL FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY

TO THE HONORABLE DISTRICT COURT JUDGE:

William R. Pilat of the law firm Mayer LLP ("Movant") files this Unopposed Motion to Withdraw and Substitute Counsel for Defendant Philadelphia Indemnity Insurance Company ("Defendant").

### I.

1. Movant respectfully moves the Court to enter an Order discharging him as counsel of record and substituting the following attorneys as counsel of record for Defendant:

> Catherine L. Hanna
> State Bar No. 08918280
> Email: channa@hannaplaut.com
> Lauren L. Burgess
> State Bar No. 24082751
> Email: lburgess@hannaplaut.com
> HANNA & PLAUT, L.L.P.

Filed 2/27/2020 12:37 PM
Sharon Mathis, District Clerk
Jackson County, T)

Southwest Tower
211 East 7th Street, Suite 600
Austin, Texas 78701-3203
Telephone:  512-472-7700
Facsimile:  512-472-0205

**2.**

2.    Pursuant to Texas Rule of Civil Procedure 10, parties must give the Court specific and unambiguous notice when an attorney withdraws or is substituted. *Palkovic v. Cox*, 792 S.W.2d 743, 745 (Tex. App.—Houston [14th Dist.] 1990, writ denied).  A client may discharge his attorney at any time, even without cause, and once discharged the attorney must withdraw from the case and cannot continue to appear or file motions for the party.  *See Bloom v. Graham*, 825 S.W.2d 244, 248 (Tex. App.—Fort Worth 1992, writ denied).

3.    Defendant has received a copy of this Motion and have been notified in writing of its right to object to the Motion.  Defendant consents to the filing of this Motion.

**4.**

4.    As more fully set out in the certificate of conference that follows, counsel for all other parties in this case have indicated they do not oppose the filing of this motion.

5.    This motion is not filed for purposes of delay but so that justice may be done.

---

<u>PRAYER</u>

Based on the foregoing, Movant William R. Pilat respectfully asks the Court to: (1) grant this Motion to Withdraw; (2) sign an Order discharging Movant as counsel of record for Defendant Philadelphia Indemnity Insurance Company and substituting Catherine L. Hanna and Lauren L. Burgess of Hanna & Plaut, L.L.P. as counsel for such Defendant.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**

By:  */s/  Catherine L. Hanna*
     Catherine L. Hanna
     State Bar No. 08918280
     Email: channa@hannaplaut.com
     Lauren L. Burgess
     State Bar No. 24082751
     Email: lburgess@hannaplaut.com
211 East 7th Street, Suite 600
Austin, Texas 78701-3203
Telephone:  512-472-7700
Facsimile:  512-472-0205

SUBSTITUTING ATTORNEYS FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY

MAYER LLP

By: /s/ *William R. Pilat*

    William R. Pilat
    Texas Bar No. 07788205
    Email: wpilat@mayerllp.com
    Allison M. Hooker
    State Bar No. 24046103
    Email: ahooker@mayerllp.com
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
Telephone: 713-487-2000
Facsimile: 713-487-2019

WITHDRAWING ATTORNEYS FOR DEFENDANT
PHILADELPHIA INDEMNITY INSURANCE
COMPANY

## CERTIFICATE OF CONFERENCE

    I hereby certify that on February 27, 2020, I conferred with Rick Gonzales, counsel for Plaintiff St. Paul Lutheran Church, regarding the proposed filing of the foregoing motion. Mr. Gonzales informed me he was **unopposed** to the filing of the motion.

                  /s/ *William R. Pilat*
                  William R. Pilat

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2020, a true and correct copy of the foregoing *Designation of Local Counsel* was forwarded to all other counsel of record, as listed below, via electronic filing through the District Court's Office:

F. Blake Dietzmann
Rick Gonzales
LAW OFFICE OF F. BLAKE DIETZMANN
2317 N. Main Street
San Antonio, Texas 78212

   */s/   William R. Pilat*
William R. Pilat